71 So.2d 226

PISCIOTTO v. CRUCIA.

No. 41053.

Feb. 15, 1954.

Geo. E. Weigel, Geo. W. Miller, Jr., New Orleans, for defendant in rule and appellant.

Baldwin, Haspel & Molony, Emile A. Wagner, Jr., New Orleans, for plaintiff in rule and appellee.

FOURNET, Chief Justice.

Mrs. Bella Crucia Pisciotto, against whom a judgment was rendered on November 19, 1943, granting her husband a divorce, in which judgment she was awarded the custody of the two children of the marriage and alimony of $30 per week for her support and that of the children, on August 14, 1952, ruled her former husband to show cause why she should not obtain an executory judgment for $4,810, representing unpaid alimony from July 1, 1949, to date of proceeding, together with such further sum as may be due as alimony following adjudication of the cause. The defendant in rule, Michael Pisciotto, claiming that prior to cessation of alimony payments in July, 1949, neither the children nor his former wife were in need of his financial assistance—the daughter having married in 1945, the son having been self-supporting for some time with the assistance of Pisciotto, who had established him in business about three years previously, and his former wife having been gainfully employed and self-supporting for many years—prayed that the rule be dismissed and that any future alimony be discontinued. Following trial of the case, the Court rendered judgment in favor of Mrs. Pisciotto in amount of $4,810 (162 weeks, minus a credit of $50), but terminated the alimony.

Defendant in rule prosecutes this appeal, contending that equity requires us to rule that Mrs. Pisciotto has waived her right to claim alimony for the three-year period under review because of the fact that no complaint was ever made with respect to his failure to make the weekly alimony payments, since action on her part would have caused him to seek a reduction of the alimony decree whereas her inertia led him to trust in her apparent acquiescence in his discontinuance of payments; alternatively, counsel contends that the sum of $4,810 should be reduced because the award of $30 per week was for the joint support of his former wife and the children, but that his obligation toward the daughter

was terminated by her marriage in 1945, and toward the son ended when the latter, upon attaining the age of 18 years (on June 22, 1949) became self-supporting. Lastly, by plea of prescription filed in this Court, he claims that the award should not exceed 156 weeks due to the provisions of Article 3538 of the LSA–Civil Code, directing: "The following actions are prescribed by three years: That for * * * alimony * * * ."

■ The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alteration or annulment except by the method and for the causes prescribed by law, Louisiana Code of Practice, Article 548; Snow v. Snow, 188 La. 660, 177 So. 793; Williams v. Williams, 211 La. 939, 31 So.2d 170; Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902; that the right to receive such alimony in a lump sum is not waived by plaintiff's failure to make periodic demands on the defendant, Gehrkin v. Gehrkin, supra; and that liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment. Article 232, LSA–Civil Code; Snow v. Snow, supra, 188 La. at page 670, 177 So. 793; Gehrkin v. Gehrkin, supra; Wainwright v. Wainwright, supra. Clearly therefore, Pisciotto's main defense, that no alimony was due, as well as his alternative defense, that the amount of the award should be reduced to exclude the portion intended for the support of the children, have no merit.

■ On the other hand, his plea of prescription (there being no question of minority involved) is maintained as to payments which are past due for a period of more than three years, Mrs. Pisciotto's right to sue for arrearage of those payments having prescribed under the plain provisions of Article 3538 of the LSA–Civil Code. Miller v. Miller, 207 La. 43, 20 So.2d 419. It follows that the liability of defendant in rule for payment of past-due alimony should not exceed 156 weeks, or $4,680, which amount is subject to credit of $50, a payment admittedly received by Mrs. Pisciotto in July, 1952, shortly before this proceeding was filed.

Mrs. Pisciotto has answered this appeal, claiming that, in addition to the sum allowed by the lower Court, she should recover accrued alimony to final adjudication of the cause, and that the portion of the lower court's judgment which released Pisciotto from the obligation of paying further alimony should be reversed; she contends that the answer of defendant in rule should not have been considered by the Court be-

cause (1) it had not yet been filed with the Clerk of Court when the trial of the rule was commenced, and (2) it introduced a new and separate cause of action not responsive to or connected with the demand in the rule, in that it sought to have alimony payments discontinued—and that in this respect he (Pisciotto) is restricted to a direct action, by petition or rule, to be discharged from the payment of alimony. She also urges that there was no evidence before the Court which would justify a release from the obligation to pay alimony.

■■■ The first objection above noted may have been good cause for a continuance (which was not sought), but otherwise has no merit; the second objection is equally without merit, in view of the provisions of Article 232 of the LSA–Civil Code, which declare that when the person receiving alimony is no longer in need of it, in whole or in part, "the discharge from or reduction of the alimony may be sued for and granted." In the case of Snow v. Snow, 188 La. 660, at page 670, 177 So. 793, 796, in commenting on the above article this Court said: "That means, of course, that the discharge from or the reduction of the alimony may be granted from and after the time when * * * it is asked for in answer to a suit to enforce the payment of the alimony * * * ."

■■■ However, with respect to whether the alimony should be continued, in any amount, the evidence contained in the rec-

ord is too meager to permit a just and fair decision to be reached. In her testimony, Mrs. Pisciotto states that her sole income consists of her earnings of $128 per month (exclusive of taxes, etc.) as a medical aid in a local hospital, and that she owns her home on which there was an outstanding mortgage of $600. Permanent alimony awards, which are characterized as gratuities, may be adjusted to meet changing needs of the wife, and the husband's ability to pay, or may be revoked if they become unnecessary. Russo v. Russo, 208 La. 17, 22 So.2d 671. While Mrs. Pisciotto admits that the alimony should be reduced, there is no showing as to her needs, and the record is completely barren of evidence as to the earnings of defendant in rule.

For the reasons assigned, the judgment awarding past due alimony in the amount of $4,810 and making the judgment executory therefor, is amended by reducing the amount to $4,630; in so far as that judgment released Michael Pisciotto from the future payment of alimony to Mrs. Bella Crucia, the judgment is annulled and set aside, and the case is remanded to the lower court for the purpose of hearing testimony with respect to her needs for alimony, as well as his ability to pay, and of rendering judgment accordingly; the costs of these proceedings to date to be paid by the defendant in rule.

FRUGE, J. ad hoc, takes no part.