136 So.2d 168 (1962)
Madeline ALLEN
v.
Columbus Joseph ALLEN.
No. 631.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1962.
*169 Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff and appellant.
Columbus Joseph Allen, defendant-appellee, unrepresented and failed to appear in pro. per.
Before REGAN, SAMUEL and HALL, JJ.
REGAN, Judge.
Plaintiff, Madeline Allen, filed a rule[1] against her husband, Columbus Joseph Allen, the defendant, to show cause why he should not be held in contempt for failing to comply for more than a year prior to the filing of the plaintiff's rule with a judgment awarding her the sum of $12.50 weekly as alimony pendente lite, and why the judgment for the past due alimony should not be made executory.
After a hearing the trial judge dismissed the rule for contempt; he also ordered the defendant to pay plaintiff $12.50 per week alimony for the support of his child beginning August 29, 1961 and rendered judgment in favor of plaintiff for $700 past due alimony. However, the trial court specified that the judgment for past due alimony would become executory only in the event defendant failed to comply with the court's order to make future payments timely.
Plaintiff has appealed that part of the judgment which suspends execution thereof, and the only question this appeal has posed for our consideration is whether the suspension was proper.
The law is well settled to the effect that a judgment for past due alimony is like any other money judgment.[2] The right to obtain a judgment for past due alimony has been recognized as a property right of the person from whom the alimony has been withheld and who is entitled to receive it by virtue of a court order.[3]
This principle is recognized in the LSC-Code of Civil Procedure, wherein Article 3945 outlines the procedure to be followed by the party aggrieved. It provides:
"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have that amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony."
The rationale of the above article clearly negates the possibility of a trial judge refusing to make a judgment for past due alimony executory upon proof that payments are in arrears, for it states the court "shall render judgment", and does not use the term "may render judgment", which would permit the exercise of the court's discretion.
In view of the existing jurisprudence and the plain meaning of the above article, we are compelled to reason that the trial court did not possess the discretion to withhold from plaintiff the right to execute her judgment.
For the reasons assigned, the judgment appealed from is reversed only insofar as *170 it suspends execution of plaintiff's judgment of $700 representing past due alimony, and it is now ordered that the judgment for $700 be made executory; in all other respects the judgment is affirmed.
Reversed in part; affirmed in part and rendered.
NOTES
[1] A contradictory motion. See LSA-C.C.P. Art. 3945.
[2] Cotton v. Wright, 193 La. 520, 190 So. 665.
[3] Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226.