REID, Judge.
This matter originated on a rule nisi filed by plaintiff Mrs. Billie Jean Bankhead Dunham against the defendant, Ted F. Dunham Jr., to recover accumulated maintenance and support payments in the amount of $900.00. Defendant appeals from that part of a judgment of the Family Court of the Parish of East Baton Rouge, rendered on March 21, 1963 in favor of plaintiff and against defendant in the sum of $600.00. Defendant originally filed an exception of vagueness, which was sustained by the Court, and plaintiff amended her petition to show that the sum of $900.00 was for alimony for the support of the children during the summer visitation periods from June 15 to July 15 for the years, 1960, 1961. and 1962.
The matter involves conflicting interpretations of the original judgment of divorce, rendered between plaintiff and de *768 fendant on August 18, 1959, the pertinent parts of which are as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the alimony heretofore awarded be continued in full force and effect, to-wit— the sum of $300.00 per month for the support of the minor children and the sum of $450.00 per month for the support of the said Billie Jean Bankhead Dunham, payable semimonthly in payments of $375.00 each, the next payment being due on September 1, 1959 and continuing on the first and fifteenth of each month thereafter.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Ted F. Dunham Jr., be granted reasonable visitation rights which are defined to be:
“(1) For forty-eight hours ending at 6:00 P.M. on the second and fifth Sunday in the month, for twelve (12) hours ending at 8:00 P.M. on the fourth Sunday of the month.
“(2) For four weeks every summer, beginning at 8:00 A.M. on the 15th day of June of each year, except for the year 1959; when there shall be two weeks beginning at 8:00 A.M. on the 15th day of August.”
The defendant contends that the judgment should be interpreted in its entirety; it was not intended to mean he should pay the plaintiff $300.00 child support for the four weeks of the year during which the children visited with him. He cites, in support thereof, American Jurisprudence, Volume 30, “Verbo Judgments” Section 69-70, pages 212-214.
There is no question the $900.00 sought by plaintiff represented child support for the four weeks during the years 1960, 1961, and 1962 when the children were with the defendant for the summer visitation period. The Trial Court rejected the claim of $300.00 for the year I960 because, on November 8, 1960 plaintiff had filed a motion to have the defendant held in contempt for his failure to pay the sum of $30.00 which he deducted from the payment due on November 1, 1960 and she asked for judgment against the defendant for the said $30.00. The Court made the rule absolute decreeing that plaintiff received an execu-tory judgment against defendant in the sum of $30.00, the amount of accrued alimony alleged to be due at that time. The Judge of the Lower Court, in rejecting the subsequent claim for $300.00 for the year 1960, held that plaintiff in obtaining a judgment decreeing and fixing accumulated alimony in the amount of $30.00 lost the right to return to Court at a later date to ask for additional sums admittedly due. With this ruling we are in accord.
The record in this case shows the issues as to custody, alimony, maintenance, support and visitation were resolved by stipulation. The judgments relating to alimony pendente lite separation from bed and board are silent on visitation rights. Visitation was not mentioned or defined until July 31, 1959 when, on joint petition of plaintiff and defendant, the schedule was fixed, and judgment was signed. It was not until August 18, 1959, when the final judgment of divorce was rendered and signed, that the provisions relating to custody, alimony and support appeared in the same judgment with the provisions assigning and fixing reasonable visitation rights.
The judgment of final divorce, which is the subject of this lawsuit, clearly and in separate paragraphs, sets forth the alimony to be paid, and in a separate paragraph establishes the visitation rights. The joint motion fixing the original visitation rights was signed by counsel for both parties. The learned Trial Judge was familiar with matters pertaining to child support and visitation rights, and had either of the parties intended to have the support for the children stopped or reduced during the period of visitation, it would not have been difficult to insert such a clause in the judg *769 ment. This is especially true since the Lower Court went to such lengths in spelling out the visitation rights.
Defendant further contends the parties had always considered the child support payments were not to be made during the visitation periods; therefore, as a consequence of plaintiff’s forbearance for these respective periods and her acquiescence in the defendant’s failure to pay alimony and child support during this summer period it is defendant’s contention plaintiff’s claim should be defeated. We cannot agree with defendant’s contention, but rather concur in the written reasons for judgment found by the Trial Judge as follows:
“After careful examination of the judgments mentioned aforesaid and listening to the recordings, we conclude that the provisions relating to maintenance and support, custody and visitation are separate and must be treated separately. Contrary to defendant’s contention, it appears to us that the judgment of August 18, 1959 insofar as maintenance and support and visitation are concerned just consolidated what was previously provided in two separate judgments on the same subjects.
“The jurisprudence of this state is well settled that a judgment for alimony is the property of him in whose favor it has been given and is protected against alteration or annulment except by the method and for the causes prescribed by law. See Snow v. Snow [188 La. 660] 177 So. 793; Williams v. Williams, [211 La. 939] 30 [31] So.2d 170; Gehrkin v. Gehrkin [216 La. 950], 45 So.2d 89; and Wainwright v. Wainwright, [217 La. 563] 46 So.2d 902. The right to receive such alimony in lump sum is not waived by plaintiff’s failure to make periodic demands on the defendant. Gehrkin v. Gehrkin, supra.”
No proceeding was instituted to change, alter or clarify the judgment herein. Nor has Mrs. Dunham, by her forbearance herein, waived her rights as to the delinquent alimony.
We, therefore, find no error in the judgment of the Lower Court, and the same is affirmed.
Affirmed.