SAVOY, Judge.
Appellant in the instant case filed a rule against appellee, his former wife, for a reduction of alimony granted in a judgment dated January 3, 1964, wherein appellant was condemned to pay the appellee, for the benefit of the minor children born of their union, namely, Linda Ann and Janet Louise Meyers, the sum of $85.00 per month. Appellant alleged in his petition for reduction of alimony that Linda Ann Meyers is now married; is no longer dependent upon him for support; that the alimony granted on her behalf should be discontinued; and that the judgment of the court of January 3, 1964, should be amended by reducing said alimony from the sum of $85.00 per month to $45.00 per month, which would be for *4 the support and maintenance of the minor living with appellee; namely, Janet Louise Meyers.
As a defense to said rule, appellee alleged that since the judgment mentioned herein had been rendered, she has incurred expenses on behalf of the minor children named above for education and other related expenses; and especially for the elder daughter, Linda Ann Meyers, in connection with wedding expenses incurred on her behalf, which expenses are in excess of $700.00; that appellant has the financial ability to pay the sum of $125.00 per month which is needed to maintain the minor, Janet Louise Meyers, living with appellee. Appellee asked that the judgment of January 3, 1964, be amended by increasing the award for the support of said minor to the sum of $125.00 per month.
The evidence in this case is very brief.
Appellant testified that he has remarried; that his take-home pay is $540.00 per month; that his rent is $40.00 per month; that his groceries are approximately $150.00 per month; that his automobile expenses, which are necessary as part of his occupation, average from $40.00 to $50.00 per month; and that his utilities will average about $25.00 to $30.00 per month.
Appellee stated that she needed $125.00 per month for the support of the minor daughter still living with her, but there is no evidence in the record to support the amount prayed for.
In the case of Poydras v. Poydras (La. App., 1 Cir., 1963), 155 So.2d 221, the court stated:
“It is found in the record, as presently constituted, that the children’s itemized expenses are apparently inflated. The defendant bears the burden of proving each item with particularity. This she had not done.”
There is also no showing in the record of the age of the minor daughter living with appellee, nor her needs for clothing and other related items. We do know, however, that the child is getting older every day, and that her needs are greater as she approaches maturity.
The trial judge has not favored us with a written opinion so we are unable to determine on what basis he increased the alimony to the sum of $125.00 per month.
Counsel for appellee, in brief, states that the primary obligation of the father is to support, maintain and educate his children from his first marriage, and, although he has a right to remarry, he may not be allowed to assert the second marriage as a basis for relief of the obligation he owes his children of his first marriage. Laiche v. Laiche, 237 La. 298, 111 So.2d 120. This is a correct statement of law. Nevertheless, the necessary living expenses of a remarried father may be taken into consideration as one of the items in fixing alimony to a child or children born of the first marriage. Harris v. Harris (La.App., 3 Cir., 1961), 127 So.2d 747.
We conclude that after deducting appellant’s expenses, he has remaining approximately $270.00 per month, and that the sum of $85.00 per month for the support of the minor child, Janet Louise Meyers, is neither excessive nor inadequate.
If appellant’s circumstances change due to conditions beyonds his control, or if the circumstances show that appellee’s daughter is in need of more funds for her support and maintenance, either party has a right under the provisions of LSA-C.C. Article 232 to file another rule for a reduction or increase in the alimony granted in the instant case.
For the reasons assigned, the judgment of the district court is amended by reducing the alimony granted appellee, Esther Bohr-er, in favor of the minor, Janet Louise Meyers, from the sum of $125.00 per month to the sum of $85.00 per month, and as *5 amended, is affirmed. The costs of the district court and of this appeal are to be divided equally between the parties.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.