181 So.2d 297 (1965)
Charles S. ELCHINGER
v.
Charles F. ELCHINGER.
No. 1978.
Court of Appeal of Louisiana, Fourth Circuit.
December 6, 1965.
Rehearings Denied January 10, 1966.
*299 James J. Morrison, New Orleans, for plaintiff-appellant and appellee.
John Pat Little, New Orleans, for defendant-appellant and appellee.
Before REGAN, YARRUT, and CHASEZ, JJ.
YARRUT, Judge.
This suit involves six appeals, one appeal by Defendant from a judgment awarding Plaintiff (his mentally afflicted major son) $13,347.48 for unpaid arrearages of alimony, and five appeals by Plaintiff from rulings of the district court. In addition, Plaintiff filed in this court pre-emptory exceptions of no cause or right of action and that Defendant's appeal has become moot.
On September 13, 1961, the District Court awarded Plaintiff who suffers from a mental illness, $450 per month alimony beginning September 1, 1961, under LSA-C.C. art. 229, which imposes a duty on ascendants to provide for their needy descendants. This judgment was affirmed by this court (135 So.2d 347), and Defendant paid the alimony for September, October and November, 1961. In late November Plaintiff had a relapse and was treated at Charity Hospital and East Louisiana State Hospital, both public institutions. When Plaintiff's hospitalization terminated in June, 1962, he and Defendant met regularly on friendly terms, during which Defendant gave his son various sums of money, but considerably less than $450 per month, during which period Plaintiff made no attempt to execute the judgment until December 18, 1964, when he obtained a writ of fieri facias to collect all past due alimony. On December 15, 1964, the district judge recalled the writ and, on January 26, 1965, refused Plaintiff's motion to reinstate it. On March 15, 1965, Plaintiff obtained judgment for past due alimony amounting to $13,347.48, the balance after deducting $5,552.52 for cash given to, or sums paid for Plaintiff's account.
From this judgment Defendant was first granted a suspensive appeal, which the trial judge revoked because LSA-C.C.P. art. 3943 prohibits suspensive appeals from judgments awarding alimony; but later rescinded his order of revocation on the ground he was without jurisdiction because the appeal bond had already been filed.
On March 17, 1965, Defendant moved to terminate the alimony, but the court merely reduced it to $150 per month, commencing March 17, 1965. On May 28, 1965, another judgment was rendered making the alimony due for March through May executory, but prorated the amount due for March, so that the amount due for the period March 1 to March 17th, 1965, was based on the old $450 award, and that due from March 18th to March 31st, based on the $150 award.
First, we will consider Plaintiff's pre-emptory exceptions; then his appeal from the five district court rulings. In support of his exceptions Plaintiff contends that Defendant acquiesced in judgment he appealed from because: (1) he did not appeal from the May 18th judgment reducing the alimony award, or the May 28th award *300 making the alimony from March through May executory; (2) he paid the May 28th judgment.
We find that Defendant has never paid the March 15th lump-sum judgment for alimony in arrears, nor has he acquiesced in this judgment in any manner. Since it is only from this judgment that he is appealing, Plaintiff's exceptions are overruled.
We now consider Plaintiff's appeals from the five judgments:
1. The January 26th judgment refusing to reinstate his writ of fieri facias;
2. The March 24th and March 26th judgments allowing suspensive appeals;
3. The May 18th judgment reducing alimony to $150 per month, on the ground (a) that the trial court had no jurisdiction to reduce the alimony after an appeal had been taken, and (b) there was no justification for the reduction;
4. The May 28th judgment, on the ground the alimony for March should not have been prorated, so as to reduce the second half of the month on the reduced $150 award.
All rulings of the trial judge are affirmed for the following reasons:
1. The district court properly recalled Plaintiff's writ of fieri facias because the monthly arrearages had not first been fixed by the court and made executory as provided by LSA-C.C.P. art. 3945 in the absence of an admission by Defendant that the amount claimed is correct.
2. Defendant was entitled to a suspensive appeal. This court denied Plaintiff's application for certiorari to have the suspensive appeal dismissed as LSA-C.C.P. art. 3943 only prohibits suspensive appeals from judgments awarding alimony, not from judgments for alimony already awarded, but in arrears.
3. The trial court did have jurisdiction to reduce the amount of alimony, even though an appeal from the judgment awarding past due alimony was pending on appeal. An alimony judgment is never final, but is always subject to review and change in future installments by the court that rendered it to meet changing conditions. Laiche v. Laiche, La.App., 138 So.2d 257.
4. The trial judge did not abuse his discretion in reducing the alimony to $150 per week. When it affirmed the award of $450 in December, 1961, this court noted that it was "rather high;" however, at that time, Defendant had not asked for a reduction (135 So.2d at 350). According to Defendant's income tax return, he had a gross income of $6,900 during 1964. He testified that during recent years his business has been on the decline and his debts were increasing. Considering the present means of the Defendant, the reduction was justified.
5. The trial court properly prorated the alimony due for the month of March since the alimony was reduced from $450 to $150, effective March 17, 1965, so that $246.67 was due for the first 17 days and $67.76 for the last 14 days. This proration was correct, because the alimony was payable in advance on the first of every month.
Regarding Defendant's appeal from the award of $13,347.48 for alimony in arrears, he contends:
1. There was an agreement between counsel to modify the award.
2. Plaintiff waived his rights by not demanding payment for nearly three years.
3. It would be inequitable to allow a son to lull his father into a false sense of security and then enforce a judgment for a large lump sum amount.
4. Defendant should have been given credit for wages earned by the Plaintiff *301 during this period and also for cash payments made periodically to Plaintiff.
With regard to the first contention, the trial judge found as a matter of fact that there was no agreement to modify or terminate alimony payments. The only evidence on this point is the testimony of two of Defendant's attorneys that Plaintiff's counsel agreed not to enforce the judgment, either while Plaintiff was in a public institution, or while his counsel was out of town. Even if there were an oral agreement to modify the judgment, it is doubtful that it would have been enforceable, as all compromises, as well as all agreements between counsel must be reduced to writing. LSA-C.C. art. 3071; Lopez v. Duvic, 14 Orleans App. 239.
Plaintiff did not waive or abandon his right by not demanding payment from his father during the three-year period. The right to alimony is not waived by neglecting to make periodic demands therefor or failing to execute judgment therefor. Dupuis v. Patin, La.App., 155 So.2d 768; Dunham v. Dunham, La.App., 162 So.2d 767; De La Bretonne v. De La Bretonne, La.App., 164 So.2d 149; Wainwright v. Wainwright, 217 La. 563, 46 So. 2d 902. Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Allen v. Allen, La.App., 136 So.2d 168. Defendant contends that the above cited cases refer only to alimony awarded a wife. However, even though LSA-C.C.P. art. 3945 is in a section entitled "AnnulmentSeparation Divorce" it is applicable to all alimony, including that due ascendants and descendants under LSA-C.C. art. 229 as being laws in pari materia, LSA-C.C. art. 17. The article is not discretionary as it provides that, once the amount of past due alimony is determined, "the court shall render judgment for the amount of past due alimony." Moreover, we cannot reduce the amount of alimony due by deducting wages which the Plaintiff earned during the three-year period, as they had no effect on the running of the alimony judgment. Snow v. Snow, 188 La. 660, 177 So. 793.
Defendant testified he would on occasions give his son cash when he requested it, and the Defendant's bookkeeper corroborated this statement. However, there were no receipts nor notations made of these cash payments and Defendant, himself, conceded it would be difficult to determine the exact amount, but that it probably averaged out to about $15 per week. We agree with the trial judge who disregarded this testimony because it was just "picking" a figure "out of the air." Defendant was given credit for all checks introduced as evidence of expenditures on behalf of Plaintiff.
For the above reasons all judgments of the trial court are affirmed; Defendant to pay all taxable costs in both courts.
Affirmed.