HALL, Judge.
John G. Unverzagt prosecutes this'appeal from two judgments of the Civil District Court for the Parish of Orleans; one dismissing his rule to terminate alimony, and the other granting his divorced wife an ex-ecutory judgment for past due alimony.
John G. Unverzagt and his wife, Marie Anne Galjour, were divorced on March 20, 1963. In the judgment of divorce the custody of the minor child of the marriage, Warren Joseph Unverzagt, was awarded to the wife and the husband was condemned to pay her alimony at the rate of $300.00 per month, being $237.50 per mouth for her maintenance and $62.50 for the support of the minor child.
On January 3, 1964 Mr. Unverzagt filed a rule to terminate all alimony as of January 1, 1964 on the sole ground that he was no longer employed and had no source of income.
On December 16, 1964 his divorced wife filed a rule in which she alleged that she had received no alimony payments “for the past twelve months” and prayed for a judgment against her divorced husband in the sum of $3,600.00 representing past due alimony.
Trial of both of these rules was delayed until February 19, 1965, both parties apparently acquiescing in such delay. On February 19, 1965 the Trial Court heard testimony on the rules but withheld decision pending the filing of briefs.
On March 19, 1965 the divorced husband filed another rule to terminate alimony, this rule being based on the contention that his *142 minor son had become of age and that his divorced wife had received $17,482.00 from the partition of the community property which had taken place on September 23, 1963 and by reason of that fact she was not in necessitous circumstances. By agreement of counsel the rule was heard immediately.
On April 6, 1965 the District Judge rendered two separate judgments, one dismissing the rule to terminate alimony filed by Mr. Unverzagt on January 3, 1964, and the other making absolute the rule for an execu-tory alimony judgment filed by Mrs. Un-verzagt on December 16, 1964 and granting judgment in her favor for $3,300.00 for arrearage of alimony “through the month of March 1965.”
The District Judge did not render judgment on the rule filed by the divorced husband on March 19, 1965.
The divorced husband appealed from the judgment on the rule filed January 3, 1964 and also from the judgment on the rule filed December 16, 1964. The divorced wife answered the appeal praying for an increase in the amount of the executory judgment from $3,300.00 to $4,500.00.
The record reveals that at the time alimony was fixed in the divorce decree Mr. Unverzagt was employed by United China and Glass Company and was earning $18,-000.00 to $20,000.00 a year. His employment with this company was terminated on November 30, 1963 and that as of the date of filing his rule on January 3, 1964 he was engaged in building up a business of his own as a manufacturer’s representative. At that time he had $12,000.00 invested at 6% and was owed two months terminal pay, amounting to $2,169.08. His rule to terminate alimony was apparently continued in order that his earning capacity as a manufacturer’s agent might be determined.
During the year 1964 Mr. Un-verzagt earned approximately $1,000.00 per month and it is not shown that his earnings had decreased as of the date of the trial of the rule. As of this date he still had his $12,000.00 investment. Appellant contends that Mr. Unverzagt’s earnings were gross earnings and that his business expenses during 1964 amounted to $5,800.00 leaving him a net of only $7,100.00 for the year. Appellee contends that the amount of the business expense claimed by Mr. Un-verzagt was largely for his personal upkeep. But whether the alimony payable by Mr. Unverzagt should be reduced was not before the Trial Court, and has not been made an issue here. The sole question before the Court was whether alimony should be terminated because Mr. Unver-zagt was unemployed, and this question in our opinion should be determined as of the date the rule was tried. Manifestly he was then gainfully employed. We are of the opinion that the rule of January 3, 1964 filed by Mr. Unverzagt was properly dismissed by the Trial Court.
Whether alimony for the divorced wife should be terminated by reason of the fact that she had received $17,482.00 in September 1963 as her share of the community as contended in the rule filed March 19, 1965 has not been passed upon by the Trial Court and is not before us.
Alimony fixed by judgment of Court continues to run unless and until terminated by judgment or operation of law. The amount of alimony which has become past due is a vested property right of the one to whom it is owed. See Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Allen v. Allen, La.App., 136 So.2d 168. For this reason the Trial Court correctly gave judgment in Mrs. Unverzagt’s favor for ar-rearages of alimony through March 1965. However the amount of the judgment is incorrect. Mr. Unverzagt had paid no alimony since January 1, 1964. He therefore as of the end of March 1965 owed Mrs. Unverzagt for her maintenance fifteen months past due alimony at $237.50 per month, or $3,562.50. The minor, Warren *143 Joseph Unverzagt, became of age on November 30, 1964 and alimony fixed for his support terminated on that date by operation of law. Mr. Unverzagt therefore owed only 11 months alimony at $62.50 per month for the support of the child, or a total of $687.50.
For the foregoing reasons the judgment rendered by the District Court on the rule to terminate alimony filed by John G. Un-verzagt on January 3, 1964 is affirmed; the judgment rendered by the District Court on the rule filed December 16, 1964 by Mrs. Marie Anne Galjour Unverzagt for an executory judgment for past alimony is amended by increasing the amount of said judgment from $3,300.00 to $4,250.00 and as so amended and in all other respects the judgment is affirmed. Costs of the proceedings in the District Court and in this Court in both rules shall be borne by Mr. John G. Unverzagt, appellant herein.
Judgment on rule filed January 3, 1964, affirmed. Judgment on rule filed December 16, 1964, amended and affirmed.