225 So.2d 753 (1969)
James BELL, Jr.
v.
Carol M. BOOZE, wife of James BELL, Jr.
No. 3603.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1969.
Plotkin, Sapir, & Bradley, Steven R. Plotkin, New Orleans, for plaintiff-appellee.
Donald B. Ruiz, New Orleans, for defendant-appellant.
CHASEZ, BARNETTE and LeSUEUR, JJ.
LeSUEUR, Judge.
Carol M. Booze, wife of James Bell, Jr., has appealed a judgment of April 22, 1968, which dismissed her rule for executory judgment, contempt and suspension of visitation rights but which granted James Bell, Jr.'s rule increasing visitation rights and which set the amount of alimony due biweekly.
On April 11, 1967, James Bell, Jr. confirmed his default judgment of separation *754 from bed and board granted against his wife, Carol M. Booze Bell. The judgment granted the wife custody of the minor child, James Bell, III, and child support in the amount of $10.00 per week while reserving to James Bell, Jr. visitation privileges each weekend, alternating Saturdays and Sundays.
On June 16, 1967, a rule on the setting of visitation rights and contempt for failure to allow visitation rights was heard and a judgment was granted allowing James Bell, Jr. visitation privileges on alternating Saturdays and Sundays, between 1:00 and 4:00 o'clock p. m., away from the home of Carol M. Booze Bell, and dismissing the rule for contempt.
On July 7, 1967, a rule was heard for an increase in alimony and a judgment was granted ordering James Bell, Jr. to pay $15.00 per week, support and alimony, to be paid on the 1st and 16th of each month, commencing July 16th, in the amount of $32.50 each payment.
Based on this judgment Carol M. Booze Bell filed a rule on April 8, 1968, seeking an executory judgment for $192.00 for alimony in arrears, a judgment of contempt for failure to obey the alimony order and suspension of visitation privileges until support payments were made current. James Bell, Jr. filed a rule on April 11, 1968, seeking an increase in visitation privileges and a judgment of contempt for Carol M. Booze Bell's failure to allow his visitation privileges as per the April 11, 1967 order (should be as per the June 16, 1967, order).
The trial judge granted James Bell, Jr.'s rule for increased visitation privileges, and dismissed Carol M. Booze Bell's rule for executory judgment, contempt and suspension of visitation privileges. The court also set the amount of alimony and support at $30.00 biweekly, due on the 3rd and 18th of each month, effective May 3, 1968. It is from this judgment that Carol M. Booze Bell has appealed.
Of the various points raised by the appellant, this court finds that the only one that requires our attention is the trial judge's failure to grant the executory judgment for past due alimony.
The right of the wife to obtain an executory judgment for past due alimony is a property right and must be awarded when properly applied for. LSA-C.C.P. Art. 3945 states:
"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony." (Emphasis added.)
As can be seen from the statute, the judge does not have discretion to award or not to award alimony past due under a court order once it has been properly applied for.
Judgments to this effect were rendered in two relatively recent cases by this court. In Elchinger v. Elchinger, 181 So. 2d 297 (La.App.1965), writs refused 248 La. 1098, 184 So.2d 23 (1966), the court stated:
"The right to alimony is not waived by neglecting to make periodic demands therefor or failing to execute judgment therefor. Dupuis v. Patin, La.App., 155 So.2d 768; Dunham v. Dunham, La.App., 162 So.2d 767; De La Bretonne v. De La Bretonne, La.App., 164 So.2d 149; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902. Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Allen v. Allen, La.App., 136 So.2d 168. Defendant contends that the above cited cases refer only to alimony *755 awarded a wife. However, even though LSA-C.C.P. art. 3945 is in a section entitled `AnnulmentSeparationDivorce' it is applicable to all alimony, including that due ascendants and descendants under LSA-C.C. art. 229 as being laws in pari materia, LSA-C.C. art. 17. The article is not discretionary as it provides that, once the amount of past due alimony is determined, `the court shall render judgment for the amount of past due alimony.'"
In Vinet v. Vinet, 184 So.2d 33 (La.App. 1966), the court found that:
"Under LSA-C.C.P. Art. 3945 and the jurisprudence subsequent to the effective date of that article, as well as under the prior pertinent codal articles and jurisprudence, it is and has been our settled law that the right to obtain an executory judgment for past due alimony is a property right belonging to the person from whom the alimony has been withheld and the court must award such a judgment when properly applied for. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Williams v. Williams, 211 La. 939, 31 So.2d 170; Elchinger v. Elchinger, La. App., 181 So.2d 297; Allen v. Allen, La. App., 136 So.2d 168. In the instant case Mrs. Harris properly applied for an executory judgment, the trial court found the alimony was $300 in arrears, and she was entitled to an executory judgment in that amount. * * *"
From the foregoing authorities we find that the trial judge must grant the motion for executory judgment for past due alimony when properly applied for. In the present case we find that Carol M. Booze Bell did properly apply for past due alimony based on the July 7, 1967 judgment fixing alimony and child support. The trial judge granted James Bell, Jr. a judgment dismissing the motion for executory judgment but did not give reasons for his judgment. Upon reading the record we find that the trial judge stated that he was "dismissing both contempt rules for the reason they both were in contempt. Therefore, they are both being punished to that extent."
In answer to the request of defendant for past due alimony, the trial judge stated she would not receive it "because she violated the order of this Court".
We find that the trial judge erred in dismissing defendant's motion for executory judgment for past due alimony. Since the judge found that both parties were in contempt, he correctly dismissed both motions for contempt, although his judgment is silent regarding the plaintiff's motion being dismissed. The defendant's right to past due alimony had to be disassociated from the contempt of court rule for failure to pay the alimony due, and the two issues had to be decided separately. Apparently the trial judge erroneously dismissed both actions as one.
From the record we are able to ascertain the amount of past due alimony owed by the plaintiff and for that reason will not remand the case. The judgment of July 7, 1967, ordered plaintiff to pay $32.50 on the 1st and 16th of each month, beginning July 16th. Based on the defendant's account of payments, which was not contradicted or questioned by plaintiff, the discrepancy between the alimony set forth in the judgment and the payments actually made was $117.00. We, therefore, render an executory judgment as prayed for by the defendant, Carol M. Booze Bell, in the amount of $117.00.
The judgment of the trial court is amended to grant Carol M. Booze Bell's motion for executory judgment for past due alimony and judgment is rendered in the amount of $117.00. It is also amended to dismiss James Bell, Jr.'s motion for contempt of court, which the trial court apparently overlooked. The judgment dismissing Carol M. Booze Bell's motions for contempt and suspended visitation rights, granting James Bell, Jr. increased visitation privileges, and setting the amount of *756 alimony due biweekly at $30.00, is affirmed. Costs of the appeal are taxed against appellee.
Amended, rendered and, as amended, affirmed.