245 So.2d 765 (1971)
Gertrude Joanne TROQUILLE, Wife of Royal Pierre RODRIGUEZ
v.
Royal Pierre RODRIGUEZ.
No. 4220.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1971.
*766 Wayne C. Giordano, Belle Chasse, for plaintiff-appellant.
George B. Richard, Marrero, for defendant-appellee.
Before LEMMON, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Appellant has devolutively appealed from a lower court judgment awarding accrued alimony, maintaining that the court erred in the following respects: (1) in remitting or suspending a portion of the accrued alimony; (2) in allowing credits on this alimony to which the appellee was not entitled; and (3) in failing to adjudge the appellee guilty of contempt.
The matter was initiated by Mrs. Gertrude Troquille Rodriguez, appellant, in a suit filed for separation from bed and board. In connection therewith a judgment on a rule for support was rendered on April 17, 1968, condemning appellee, Royal Rodriguez, to pay $30 per week for the support of his minor son, Alfred Ray Rodriguez, commencing on April 22, 1968. Subsequently, a judgment of separation was rendered in favor of Mrs. Rodriguez on May 1, 1968. This judgment reaffirmed the prior award of child support.
No reconciliation having been effected between the parties during the ensuing period, Mr. Rodriguez instituted suit on July 9, 1969, for a divorce in which he sought a dispensation of the child support previously awarded. In her responsive pleadings Mrs. *767 Rodriguez admitted the separation and reconvened, seeking a money judgment for the delinquent child support accruing from the date originally awarded, April 22, 1968, through the date of the judgment of the divorce.
The trial court granted a judgment of divorce to Mr. Rodriguez on December 17, 1969, in which it computed the wife's accrued alimony from October 4, 1968, this being the date she had ceased her employment and, the court concluded, withdrawn from an alleged agreement to suspend the child support.
Also allowed as setoff against the delinquent alimony were (1) the proceeds of an insurance policy amounting to $1,000, and (2) the father's payment of $20 to the minor son.
The court further concluded that Mr. Rodriguez was not guilty of contempt for failing to comply with the court's order of child support.
From this judgment Mrs. Rodriguez has appealed.
The trial judge concluded from the testimony that both parties agreed, immediately after the award of alimony, that Mrs. Rodriguez would not seek enforcement of the judgment, since she was gainfully employed and able to support herself and the child and since the defendant was heavily burdened with financial obligations. Accordingly, he construed this agreement to constitute a suspension of child support from the date of its imposition until October 4, 1968, when Mrs. Rodriguez was forced to terminate her employment and was no longer financially able to continue the arrangement.
The issue raised by the appeal as it relates to this aspect of the case is whether or not the parties did, in fact, mutually agree not to comply with the alimony judgment and, if so, whether this was sufficient justification for the trial judge's refusal to assess arrearage during the time that Mrs. Rodriguez was gainfully employed.
As an initial observation it would, indeed, seem inconsistent for Mrs. Rodriguez to undertake the expense and inconvenience necessary to obtain a judgment of support and then simultaneously renounce her benefits obtained thereunder. According to her testimony she admitted she knew her husband was heavily indebted and also acknowledged her capability of supporting herself and the minor child. It was for these concurrent reasons that she stated to Mr. Rodriguez that she would not seek enforcement of the award at that time: "I told him that I wouldn't push it. I would not have him picked up or anything like that * * * I wasn't going to come in and have him brought into court for nonsupport."
These statements by Mrs. Rodriguez merely indicated an election by her not to enforce the judgment of the court at that time; however, they did not constitute a waiver of her rights under the judgment, nor preclude her from seeking its enforcement at a later date. The jurisprudence of Louisiana is uniform that the right of the wife to have past due alimony made executory and converted into a money judgment is a property right which must be recognized if properly sought. Bell v. Bell, 225 So.2d 753 (La.App. 4th Cir. 1969).
LSA-C.C.P. art. 3945 states:
"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony." (Emphasis added.)
Under this explicit provision, no discretion is vested in the trial court to make past due support executory once it is established and properly applied for.
*768 In Bell v. Bell, supra, the court quoted from two relatively recent Louisiana cases which are pertinent to our discussion. The first of these is Elchinger v. Elchinger, 181 So.2d 297 (La.App. 4th Cir. 1965), writs refused, 248 La. 1098, 184 So.2d 23 (1966), in which the court was quoted as stating:
"`The right to alimony is not waived by neglecting to make periodic demands therefor or failing to execute judgment therefor. Dupuis v. Patin, La.App., 155 So.2d 768; Dunham v. Dunham, La. App., 162 So.2d 767; De La Bretonne v. De La Bretonne, La.App., 164 So.2d 149; Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902. Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Allen v. Allen, La.App., 136 So.2d 168. Defendant contends that the above cited cases refer only to alimony awarded a wife. However, even though LSA-C.C.P. art. 3945 is in a section entitled "AnnulmentSeparationDivorce" it is applicable to all alimony, including that due ascendants and descendants under LSA-C.C. art. 229 as being laws in pari materia, LSA-C.C. art. 17. The article is not discretionary as it provides that, once the amount of past due alimony is determined, "the court shall render judgment for the amount of past due alimony."'". 225 So.2d at 754-755.
The second case quoted from in Bell at page 755 was Vinet v. Vinet, 184 So.2d 33 (La.App. 4th Cir. 1966), in which the court found that:
"`Under LSA-C.C.P. Art. 3945 and the jurisprudence subsequent to the effective date of that article, as well as under the prior pertinent codal articles and jurisprudence, it is and has been our settled law that the right to obtain an executory judgment for past due alimony is a property right belonging to the person from whom the alimony has been withheld and the court must award such a judgment when properly applied for. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Williams v. Williams, 211 La. 939, 31 So.2d 170; Elchinger v. Elchinger, La.App., 181 So.2d 297; Allen v. Allen, La.App., 136 So.2d 168. * * *'"
Applying the jurisprudence expressed in the foregoing authorities, the only remedy available to Mr. Rodriguez to relieve himself of the obligation imposed by the alimony decree would have been in a proceeding seeking to have the judgment amended, suspended or terminated.
In Louisiana, alimony awards may be adjusted to meet changing needs of the recipient and the husband's ability to pay, and in the event they become unnecessary may even be revoked. LSA-C.C. art. 232; Meyers v. Bohrer, 176 So.2d 3 (La. App.3d Cir.1965); Pisciotto v. Crucia, 71 So.2d at page 229. There was ample opportunity for Mr. Rodriguez to petition the court to reconsider the circumstances and to ask for an adjustment in the award. He failed to do this, and the court is now without discretion to alter the alimony which has accrued under the original judgment. This being the case, the end result reached by the court is not quite so harsh as it may appear at first blush, particularly when it is remembered that the $30 weekly child support was awarded at the mutual agreement of the parties.
Thus, Mrs. Rodriguez's right to an executory judgment for delinquent alimony could be defeated only upon the husband's showing that the award has been satisfied and is not past due or owing.
A careful review of the record convinces this court that Mrs. Rodriguez did not agree to a waiver or remission of any portion of the alimony, and the arrearage should be calculated from April 22, 1968, instead of October 4 of that year. Thus computed, she would be due $2,580 less any *769 amounts which may properly be credited against this debt.
We now turn our attention to the $1,000 insurance policy, the proceeds of which were deposited to the account of the minor in the Algiers Homestead. The court is in agreement with counsel for Mrs. Rodriguez that these funds form part of the community existing between the spouses. The surrender by Mr. Rodriguez of the control of his one-half interest in the policy to his wife for the benefit of his son constitutes a payment of $500 toward his obligation of child support.
The only remaining disputed credit is the $20 which was given by Mr. Rodriguez to his son for the purchase of a class ring but which was, in fact, used by him to purchase needed shoes. The allowance of credit by the trial court of $20 given by Mr. Rodriguez to his son was erroneous and is to be disallowed. The court will not allow itself to be put into the position of an accountant, computing every donation made by the father to his son. His obligation is to support the minor child by making payments to the mother, and it is only by so complying that he may fulfill this obligation. See Chaisson v. Domingue, 175 So.2d 902 (La.App.3d Cir. 1965); Hebert v. Hebert, 159 So.2d 537 (La.App.3d Cir. 1964).
Appellant's contention that the trial court erred in failing to find the defendant guilty of contempt is without merit. A review of Mrs. Rodriguez's answer and reconventional demand reveals that she did not institute a contempt proceeding against her husband, and therefore the trial court was powerless to grant this demand.
For the foregoing reasons the judgment of the trial court is amended to reflect judgment in favor of appellant, Gertrude Troquille Rodriguez, and against appellee, Royal Pierre Rodriguez, in the sum of $2,580 subject to a credit of $500. As thus amended, the judgment is affirmed. Costs of this appeal are to be borne by appellee.
Amended and affirmed.