295 So.2d 60 (1974)
Donald George McCONNELL
v.
Mrs. Agnes Mae THERIOT, wife of Donald George McCONNELL.
No. 6186.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Rehearings Denied June 6, 1974.
Writ Refused July 1, 1974.
*61 Charles E. McHale, Jr., New Orleans, for Agnes Mae Theriot, defendant-appellant.
D. A. McGovern, III, New Orleans, for Donald George McConnell, plaintiff-appellant.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
On March 10, 1970, judgment of divorce was rendered based on two years voluntary separation. The portion of judgment with reference to custody of two children, rights of visitation, and amount of child support and alimony was fixed by consent. That part of the decree relating to alimony and child support contains the following language:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said plaintiff be and he is hereby ordered to pay alimony for the support of the said defendant, MRS. AGNES THERIOT, wife of DONALD GEORGE McCONNELL *62 and the said minor child, MICHAEL GEORGE McCONNELL in the sum of $100.00 per week on Saturday of each week beginning on the 14th day of March, 1970."
On June 27, 1970 the wife, then Mrs. McConnell and now Mrs. Agnes Barrett (hereinafter referred to as Mrs. McConnell), remarried. A rule nisi dated November 14, 1972 was filed seeking to have the accumulated unpaid alimony and support in the sum of $13,700.00 made executory. After a hearing on the rule, the trial judge determined the alimony terminated by operation of law on remarriage and proceeded to equally divide the total amount of the award, apportioning one-half of the award for alimony and the remaining half for support of the child. Based on this method and after allowing credits to the father for purchse of clothing, visitation during summer vacation, and education expenses, the trial judge awarded Mrs. McConnell an executory judgment in the amount of $3,336.17. Both parties devolutively appeal.
In seeking an increase on appeal in the amount of the executory judgment to the sum of $13,739.25, the wife contends that it was incumbent upon the husband to seek a reduction of the amount of the award for alimony and support, and his failure to take such action precludes him from deriving any benefit from a reduction of the amount of the award at this time. According to Mrs. McConnell, absent any rule for reduction or termination of the alimony by reason of her remarriage, she is entitled to have a judgment for the total amount specified in the decree, less any credits for payments to her to which the husband is entitled.
Alternatively, it is her position that she is entitled to one-half of the amount of the award for the support of the child as apportioned by the trial judge, less only a credit to the husband in the sum of $802.75. The amount she seeks in the alternative claim is $6,468.25. She complains that credits given to McConnell by the trial judge, for the purchase of clothes and during the times that visitation was exercised by the husband, are in error.
On the other hand, among other things, McConnell contends that alimony is terminated upon remarriage by the wife by operation of law. He reasons further that since the alimony award for the wife and child is indivisible, the entire award (both alimony and support) terminates upon remarriage in the absence of the wife seeking by rule to have the judgment modified to provide a proportionate amount of the award for support of the child. McConnell, as does Mrs. McConnell, claims the trial court erred by invoking LSA-C.C. art. 21, the equity article, to equally apportion the original, indivisible consent alimony and support award. McConnell insists that the granting of an executory judgment against him has the erroneous effect of permitting the revival of a terminated alimony award by the erroneous use of equity when, because of the wife's nonresident status,[1] a modification could not have been effected by rule because of his inability to effect service of process upon her.[2] McConnell also complains the trial judge erroneously failed to apply all the credits for payment claimed by him. Lastly, the husband seeks a return of funds seized from his share of the proceeds of the partition of the community by his wife under the executory judgment of April 13, 1973 in the sum of $3,336.17.
We are confronted with several questions. The first is whether or not the alimony for the wife is terminated upon remarriage by operation of law obviating the necessity of a rule for termination of alimony to be filed by the husband.
Secondly, assuming that alimony for the wife is terminated upon remarriage by operation *63 of law, we are next called upon to ascertain if support for the child is also terminated. The problem arises because of the indivisible nature of the award. If the alimony is terminated and child support is not, the award, though not divisible in the judgment, must be apportioned.
Third, in the event that we answer both of the above questions in the affirmative and conclude that the alimony terminated by operation of law and that the child is entitled to support, we are then confronted with the question of the method of dividing the amount of the award. In this respect, two avenues are afforded.
One approach is to accept the method employed by the trial judge, i. e., an equal division of the amount of the award.
A second approach is to convert the entire amount of the award, i. e., $100.00 for support of the minor child.

Termination of Alimony on Remarriage by Operation of Law
In support of the wife's position that an alimony award remains in full force and effect until the aggrieved party applies to the court and obtains a modification of the award, Mrs. McConnell calls our attention to Hebert v. Hebert, 159 So.2d 537 (La. App. 3rd Cir. 1964); Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; and Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 and other cases cited therein. We have no quarrel with the statement of the law as reflected by the cases cited; however, we reject the argument that the rule enunciated in this line of cases applies where alimony is terminated by operation of law on remarriage.[3] LSA-C.C. art. 160, in pertinent part, prior to 1964 reads as follows:
"* * * This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage."
However, the codal article was amended by Act 48 of 1964 to read in pertinent part as follows:
"* * * This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
It is clear from a reading of the codal provision and the 1964 amendment that the amendment was passed to make the filing of a rule for termination unnecessary. Accordingly, we hold that under LSA-C.C. art. 160, as amended by Act 48 of 1964, alimony is terminated on remarriage by operation of law.
We further hold that although the alimony is terminated upon remarriage of the wife, the child is, nevertheless, entitled to continued support, notwithstanding the fact that the alimony decree in the judgment is indivisible. We have been cited no jurisprudence, nor do we find any, where an indivisible alimony decree for the support of the wife and child was divided. The trial judge found authority for equally dividing the amount of the award in LSA-C.C. art. 21, the equity article, which reads as follows:
"In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent."
He apparently relies also on the language of this court in Rodriguez v. Rodriguez, 245 So.2d 765 (La.App. 4th Cir. 1971), at page 768 which reads as follows:
"Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law."
*64 We fail to find authority or support from the Rodriguez case. The language cited in Rodriguez must be considered in the context of the entire opinion. When the language is read out of context, it appears to support the trial judge's reliance on it. However, in Rodriguez, we were confronted with the question whether forbearance from enforcement of a support award because of the indebtedness of the husband constituted a waiver of the right to enforce the judgment at a later time. The court, in holding that forbearance by the wife does not constitute a waiver, stated the court cannot alter an alimony judgment where the husband could seek adjustment and failed to do so. The Rodriguez case is clearly not authority for applying equity in the instant case.
We find more justification in the trial court's reliance on LSA-C.C. art. 21. This article is applicable in the absence of express law. While it is arguable that LSA-C.C. art. 160 is a positive and express legislative expression on alimony and its termination, and, therefore, LSA-C.C. art. 21 is not applicable, it is apparent that LSA-C.C. art. 160 is silent on termination of support under circumstances of the instant case. In the absence of statutory or jurisprudential guidance, it follows that an equitable approach to reason should be applied as prescribed in LSA-C.C. art. 21.
We do not find that merely applying the full amount of the award for the support of the child after having determined that the alimony is terminated by operation of law meets the test of reasonableness. Although we know of no prohibition from so doing, we find no authority for such a conclusion, nor do we find an equitable basis for so concluding.
We deem it more reasonable, therefore after determining that the alimony is terminated by operation of law upon remarriage, the trial judge in a case such as the instant one (where the amount of the award for alimony and support is not divisible in the judgment) hear evidence on the needs of the child[4] from the date of remarriage of the wife until the date of the hearing of the rule and to apportion an equitable and reasonable amount of the award for the support of the child after allowing any credits to which the husband is entitled.
This, in effect, is the result of the equitable apportionment of the award by the trial judge after he considered the evidence on the needs of the child and the credits for payment claimed. The evidence, in our opinion, supports the result reached by the trial judge in the instant case.
Mrs. McConnell totals the annual expenses for the support of the 14 year old child in the sum of $2,153.00. (This total is inaccurate because of a mistake in addition. The correct total, according to her figures, is $2,163.00.) This figure includes all of the necessities of the child as well as educational expenses at St. Stanislaus High School in Bay St. Louis, Mississippi.
Apportionment of the award in the sum of $50.00 per week for the support of the child totals annually $2,600.00. This amount closely approximates the annual expenses incurred for the support of the child according to Mrs. McConnell's testimony. Accordingly, we find no error in the equitable apportionment of the award in which the trial judge allots $50.00 per week for the support of the child.
However, we are not in agreement with the credits allowed by the trial judge to the husband in the nature of clothing purchases, cash disbursements to the child, medical expenses, and time spent with McConnell in visitation.
The jurisprudence as reflected by Odum v. Odum, 273 So.2d 576 (La.App. 1st *65 Cir. 1973), Rodriguez v. Rodriguez, supra, and Hebert v. Hebert, supra, is clear that child support is to be disbursed by the wife as she sees fit and the husband is not entitled to credits against past due child support for monies he paid to dentists, doctors and merchants for the child on his own accord.
In Odum v. Odum, supra, credit was not allowed for sums disbursed to the child directly; while in Coleman v. Coleman, 209 So.2d 801 (La.App. 2nd Cir. 1968), no credit was allowed to the father during visitation with him.
In Rodriguez v. Rodriguez, supra, this court held that it would not allow itself to be put into the position of an accountant, computing every donation made by the father to his son. Accordingly, the only credits to which the husband is entitled are those amounts paid directly to the wife:

Check dated September 2, 1970, payable
 to Agnes Barrett $200.00
Check dated October 1, 1970, payable to
 Agnes Barrett 200.00
 _______
 $400.00
Check dated September 15, 1972, payable
 to Agnes Barrett 102.75
 _______
 $502.75
Sums paid to Mrs. McConnell between the
 first trial of February 2, 1973, and the
 retrial on April 13, 1973 300.00
 _______
 Total $802.75

After deducting the credit, i. e., $802.75, from the total amount of child support owed in the sum of $7,264.28,[5] Mrs. McConnell is entitled to an executory judgment in the sum of $6,461.53.
Accordingly, the judgment of the trial court is amended to increase the amount of the executory judgment in favor of Mrs. Agnes Mae Theriot McConnell[6] from $3,336.17 to $6,461.53. In all other respects, the judgment is affirmed. Costs on appeal are to be borne by defendant in Rule, Donald George McConnell.
Amended and affirmed.
NOTES
[1] Mrs. McConnell is a resident and domiciled in Mississippi.
[2] See Carpenter v. Carpenter, 240 So.2d 13 (La.App. 2nd Cir. 1970), which reaches a different result.
[3] These cases do not involve termination of alimony by reason of remarriage.
[4] We deem it unnecesary for the hearing to encompass the ability of the husband to pay in the instant case because the award was by consent; and presumably, the husband possessed the ability to pay $100.00 per week at the time of the consent decree.
[5] This figure is arrived at by multiplying $50.00 per week from the date of Mrs. McConnell's remarriage to the date of the executory judgment of April 13, 1973 (145 weeks and 2 days). No claim is made by plaintiff for past due child support prior to her remarriage of June 27, 1970.
[6] Now the wife of William Barrett.