520 So.2d 1114 (1987)
Sally Schaack McDONALD, Plaintiff-Appellee,
v.
C.B. McDONALD, Defendant-Appellant.
No. 86-1187.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
David F. Baugh, Vicksburg, Miss., and Kramer & Hammill, Harry Hammill Alexandria, for plaintiff-appellee.
Dan E. Melichar, Alexandria, for defendant-appellant.
Before DOUCET, KING and CULPEPPER[*], JJ.
DOUCET, Judge.
On June 7, 1982, plaintiff/appellee, Sally McDonald, filed suit against defendant/appellant, *1115 C.B. McDonald. In connection with this suit, plaintiff obtained a judgment on rule against defendant for alimony pendente lite in the amount of $275.00 per month commencing April 15, 1983. Subsequently, defendant obtained a judgment reducing the monthly alimony from $275.00 to $175.00 per month effective August 1, 1983.
On February 20, 1984, plaintiff signed a document which purported to stipulate to the fact that she would be entitled to judgment in the amount of $1,737.50 against defendant for past due alimony and that said support would cease as of February 1984.
Thereafter, on March 17, 1986, plaintiff filed a rule for past due alimony that had accumulated since February 1984, and it is this matter which forms the subject of the present appeal.
At the hearing held on the rule for past due alimony, defendant contended that plaintiff was not entitled to any alimony payments subsequent to February 1984, because of her agreement with him. Defendant stipulated, however, that if he was still bound by the court order of August 1, 1983, then the unpaid alimony which had accumulated was the sum of $6,362.50.
The trial court ruled that the parties could not modify the court order for alimony by a subsequent out-of-court agreement, and defendant/appellant was cast in judgment for unpaid and past due alimony in the amount of $6,362.50.
The sole issue on appeal is whether an out-of-court agreement to terminate alimony pendente lite entered into between parties subsequent to a court order requiring the payment of alimony by a husband to his wife can be judicially recognized and enforced. After carefully reviewing the record and the applicable law, we conclude that it cannot.
The law applicable to issues of this nature can be found in a long line of cases beginning with Pisciotto v. Crucia, 71 So.2d 226 (La.1954). In Pisciotto, supra, the wife sued for and obtained three years of past due alimony pursuant to a divorce judgment awarding her same. The husband contended that his ex-wife had waived her right to claim alimony by acquiescing in his non-payment. The Supreme Court held that the right to receive alimony is not waived by failure to make periodic demands and further held that a reduction in alimony or a discharge from the obligation can be granted only from the time it is sought by suit or in an answer to a suit to enforce payment.
The Supreme Court in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) later applied the rule as enunciated in Pisciotto, supra, to child support judgments. In Halcomb, supra, the husband was ordered to make child support payments in the amount of $100.00 per month. As the oldest of four children became of age, the husband reduced the child support payments by 25%. The wife subsequently sued for the entire amount of back child support. The court found that the husband could not modify the judgment by extra judicial means. Moreover, the court went on to state that child support payments could only be modified by subsequent orders of the court.
The Supreme Court in Dubroc v. Dubroc, 388 So.2d 377 (La.1980) modified its Halcomb, supra, decision. Dubroc, supra, dealt with a situation whereby the husband was ordered to pay $250.00 per month in child support to the ex-wife. Subsequent to the divorce, the parties agreed that the husband would take custody of one of the children and in exchange, the parties agreed that the husband would pay only $125.00 per month, a pro rata reduction of the child support award. For the next four years, the parties fulfilled the conditions of their custody/support agreement. The husband continued to take care of the child while paying his ex-wife $125.00 per month. The wife thereafter filed a rule for past due child support wherein she sought to collect the full amount of the child support ordered in the decree. The Supreme Court ruled in favor of the husband and upheld the parties' out-of-court agreement to reduce support.
This court, in Dauzat v. Dauzat, 391 So.2d 60 (La.App. 3rd Cir.1980), viewed Dubroc, *1116 supra, as limited to child support payments. In Dauzat, supra, we awarded the wife past due alimony pendente lite even though the parties had an oral agreement that she would waive her alimony pendente lite in return for her husband's conveyance of jointly held certificates of deposit. In Dauzat, supra, we recognized that Dubroc, supra, allowed out-of-court modifications of child support agreements in certain instances but we found that Dubroc, supra, was carefully limited to child support agreements and that alimony judgments cannot be modified or waived except by further judicial proceedings. We further noted that because Dauzat, supra, was an alimony case that Pisciotto, supra, controlled.
Applying the principles as enunciated in Dauzat, supra, to the instant situation, it is clear that the parties' out of court agreement to terminate alimony pendente lite cannot be enforced. Defendant urges that Dauzat, supra, is limited to oral agreements and that because in the instant situation the agreement was reduced to writing, Dauzat, supra, is inapplicable. However, as correctly stated by plaintiff in her appellate brief: "Although Dauzat on its face involved an oral agreement, there is no language in the opinion to indicate that the result would be any different had the agreement been in writing." As such, we conclude that the trial court judgment awarding plaintiff/appellant past due alimony in the sum of $6,362.50 is not clearly wrong or manifestly erroneous. Thus, we will not disturb its findings on appeal.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court awarding plaintiff/appellant $6,362.50 in past due alimony. All costs are assessed to defendant/appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.