HALL, Judge.
Plaintiff, in his capacity as Receiver of The Joseph Webre Co., Limited, prosecutes this appeal from a summary judgment dismissing the Receivership’s suit to be decreed to be the owner of certain land located in the Parishes of St. James and St. John the Baptist.
On the 9th day of June, 1909, The Joseph Webre Co., Limited, executed an authentic act in regular form purporting to sell and deliver to The Louisiana Cypress Lumber Company, Limited, certain described lands in said parishes for and in consideration of $114,600.00 cash.
The Act of Sale contains the following provision.
“The Vendor reserves the right to redeem the said lands after the removal of the cypress timber therefrom by the purchaser, said redemption price not to exceed the sum of one hundred dollars for all of said lands.”
In addition to this reservation, the vendor therein reserved the right of pasturing cattle free of charge and the right to cultivate, free of charge, the ridges on the land; also the right to drain waters over and across the property; and finally the right to remove at its own expense all the cord wood and manufactured stove wood on the property.
On the 31st day of December, 1927, The Louisiana Cypress Lumber Company, Limited, by an authentic act of sale transferred the same property, among other properties, to the Joseph Rathborne Land Company, Inc. (Now Joseph Rathborne Land & Lumber Co., Inc.) for and in consideration of the price and sum of $100,000.00 cash.
This conveyance contains the following stipulation.
“Purchaser declares that it is familiar with the titles of vendor to the property herein conveyed and takes the same subject to any obligations of the vendor that may be contained in any of such titles but without recognizing the validity thereof or any liability thereupon, and expressly waiving any recourse upon vendor for any loss, damage or liability that purchaser may suffer by reason thereof.”
The plaintiff as Receiver for The Joseph Webre Co., Limited, filed this suit praying (a) that the sale of June 9, 1909 to The Louisiana Cypress Lumber Company, Limited, be decreed to be a timber deed only; (b) that plaintiff be recognized as full *431 owner of the fee simple' title to all the land therein described; (c) that defendants be allowed a reasonable term to terminate their timber operations under the deed; and (d) that defendants be ordered to account for all revenues received by them resulting from the exercise by them of Acts of Ownership other than with respect to the timber rights.
Made defendants in the suit are The Joseph Rathborne Land and Lumber Company, Inc., certain mineral royalty assignees and certain mineral lessees holding under that corporation.
The Joseph Rathborne Land and Lumber Company, Inc. and its royalty assignees filed answers in which they deny the instrument of June 9, 1909 to be a timber deed and allege that the defendant corporation and its predecessor in title have exercised not only the right to cut and remove timber but during the entire period of time from June 9, 1909 have exercised all the rights of ownership of the said property including possession thereof as owner. The defendants specifically plead the prescription (per-emption) of ten years provided by LSA-C.C. Article 2568 against the exercise of the right of redemption and the prescription of 30 years acquirendi causa provided by LSA-C.C. Articles 3499, 3500 and 3501.
The mineral lessees who were joined as defendants plead in addition the protection of the law of registry provided by LSA-R.S. 9:1105 and LSA-C.C. Articles 2251 to 2266 inclusive.
It is noted that none of the defendants filed any pleas of prescription liberandi causa, unless the peremption provided in LSA-C.C. Article 2568 may be regarded as such.
Both plaintiff and the defendants filed motions for summary judgment as authorized by LSA-C.G.P. Article 966.
The record consisting of the pleadings, answers to interrogatories and requests for admissions, and-the affidavits ' arid docu- ■ mentary evidence filed by the parties reveal the following undisputed facts:
Ever since the transfer in 1909 by The Joseph Webre Co., Limited to The Louisiana Cypress Lumber Company, Limited, the property has been assessed in the names of, and taxes have been paid thereon, by the latter company and its successor. The property was surveyed in 1909 and on several other occasions thereafter by them and the corners and boundaries marked with galvanized markers and a red painted line. A path of from six to seven feet wide was cleared and maintained around the outer boundaries. The lands were continuously patrolled by various persons employed for that purpose. Trapping operations were conducted for a number of years under the supervision of a paid supervisor of the corporations. Since 1937 mineral leases have been granted to various oil companies. Drilling for oil in 1956 resulted in a dry hole.
No timber was cut by defendants prior to 1918. From 1918 through 1921 The Louisiana Cypress Lumber Company, Limited, cut and removed 33,500,000 feet of saw timber. By the end of 1921 all of the merchantable cypress timber standing on the property had been cut and removed. Commencing in the year 1930 and continuing through the year .1953 the Rathborne Corporation cut and logged the second growth timber.
The plaintiff corporation from the date of the sale in 1909 has exercised no possession of any nature upon the land.
After a painstaking examination of the record the .District Judge held that there was no dispute between the parties as to any material issue of fact and that a summary judgment could properly be rendered. Being of the opinion that the conveyance of June 9, 1909 was a valid sale of land with the right of redemption and not a timber deed or other type of contract, the District Judge maintained defendants’ plea of prescription (peremption) of 10 years as provided in LSA-C.C. Article 2568 and *432 rendered summary judgment dismissing plaintiff’s suit. Plaintiff appealed.
The basic issue presented for our determination is whether the conveyance of June 9, 1909 from The Joseph Webre Co., Limited to The Louisiana Cypress Lumber Company, Limited, was (a) a timber deed only, (b) a sale of land with the right of redemption, or (c) some other and different type of contract.
Plaintiff contends that the instrument is nothing more than a timber deed and should be enforced in accordance with its terms notwithstanding that 52 years has elapsed since the date of the deed. They suggest that if the instrument is not a timber deed that it is a contract sui generis to be recognized and enforced as such.
Defendants contend that the instrument is plainly a deed to land in the form of an act of sale with the right of redemption, as held by the District Judge.
(a)
The conveyance of June 9, 1909 contains the usual provisions for the fee transfer of real estate. It recites that the vendor “ * * * does by these presents grant, bargain, sell, convey, transfer, assign, set-over, abandon and deliver with full warranty and with full substitution and sub-rogation in and to all the rights and actions of warranty which it has or may have against all preceding owners and vendors unto * * * ” the vendee accepting and and purchasing for itself “ * * * its successors and assigns and acknowledging due delivery and possession thereof all and singular the following described property to wit(land description follows) “ * * To have and to hold the above described property unto the said purchaser its successors and assigns forever.”
The instrument further describes the property transferred as “being the same property which the said vendor acquired by purchase from” (here follows the name of the former owner, the date of the act of purchase and a recitation of its recordation).
Then follows the reservation to the vendor of the right to repurchase or redeem "the said lands’’ after the removal of the cypress timber therefrom.
Plainly the instrument was a sale of land and not a sale of the timber only. We find no necessity to discuss the arguments advanced by plaintiff in an effort to show that the parties intended to transfer tlie timber only. The arguments are based upon pure speculation. The only proof we have of their intention is the deed itself. The plain language of the deed manifests a positive intent on the part of the parties thereto to transfer and deliver ownership of the land, subject to certain designated servitudes such as the right of pasturage, drainage etc. Incidentally, the reservations of these servitudes would be wholly unnecessary had the instrument been merely a timber deed.
(b)
A sale with the right of redemption (vente á réméré) is a special and distinct type of sale authorized and governed by special rules (see LSA-C.C. Articles 2567 to 2588 inclusive).
The right of redemption is defined in LSA-C.C. Article 2567 as being “ * * * an agreement or paction, by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it.” (Emphasis supplied). The reimbursement of the purchase money by the vendor is again alluded to in LSA-C.C. Articles 2586 and 2587.
The first sentence of LSA-C.C. Article 2578 provides:
“The thing sold shall be restored to the seller who exercises the right of redemption, in the state in which it is at the moment * * *.” (Emphasis supplied).
This we interpret to mean in the state in which it is at the moment of delivery to *433 the purchaser. But the remainder of the Article as well as LSA-C.C. Articles 2576, 2577 and 2587 show that when the right of redemption is exercised an adjustment between the parties must be made in order to restore them to the position they occupied prior to the sale. The thing sold should not he injured. (See LSA-C.C. Articles 2576 and 2577).
“When the right to redeem is exercised in time, it produces the retroactive resolution of the contract of sale and of the transfer of the property which was a consequence of it. The vendor is reputed never to have ceased to be the owner, and the buyer is reputed never to have owned. * * Planiol “Civil Law Treatise” Vol. 2, Part 1, Sec. 1582.
Thus we see the vente á réméré is based upon two elements viz. (1) the taking back of the thing sold with adjustments made for deterioration and augmentation and (2) the return of the price paid for it.
Without these two elements the contract is not a sale with the right of redemption, although it may be some other valid contract.
In the instant case the vendor did not reserve the right to redeem the thing sold and the reservation did not contemplate returning the purchase price. What he sold was the land which included the growing timber. What he proposed to redeem was the land denuded of the trees. It was contemplated that the thing sold would be depleted before the exercise of the right to redeem. It may be appropriate here to observe that growing timber is not a “fruit” which would belong to the purchaser under LSA-C.C. Article 2575.
As to the return of the purchase price we are told that some of the French commentators have said the redemption price could be different from the original price while others have held contrary views. Planiol states in his “Civil Law Treatise” Volume 2, Part 1, Section 1579 that the price to be restored can be inferior or superior to the original price. Our Courts have held that it may be more. See Levy v. Ward, 32 La.Ann. 784; Soulie v. Ranson, 29 La. Ann. 161. We know of no decision which says it may be less.
We do not find it necessary to decide whether the sum stipulated to be reimbursed to the purchaser in the present case satisfies the element of “return of the purchase price”, because in our opinion the other element is lacking (i. e. “the return of the thing sold.”)
We hold that the instrument in question here is not a sale with the right of redemption. Consequently, we are not authorized to maintain the special prescription (peremption) applicable to the reservation of the right of redemption (LSA-C.C. Articles 2568, 2569 and 2570).
(c)
Although the instrument in question is not in our opinion a sale with the right of redemption it nevertheless may well be a valid contract of another sort. It is suggested that it may be a sale with a counter letter written into it, or a sale with a resolutory condition, or a sale with a right to repurchase a portion of the realty conveyed.
We reject the suggestion that the reservation may be a built-in counter letter because it bears no resemblance to a counter-letter and, if enforced, would not have the effect of a counter letter. We are likewise of the opinion that the instrument in question is not a sale with a resolutory condition, because it contains no condition which when accomplished would operate the revocation of the obligation. (LSA-C.C. Articles 2021, 2045). Moreover, a retransfer of the land is required.
We are of the opinion that the instrument evidences a sale of realty and the timber which formed a part thereof, with a reservation to the vendor of the right to repurchase *434 the denuded land after the timber had been cut and removed.
Conclusion
Having reached the conclusion that the instrument in question is not merely a timber deed as contended by plaintiff and that it is not a vente á réméré as contended by defendants, it becomes necessary for us to consider whether plaintiff is entitled to the relief prayed for when the instrument is viewed as a sale with the right to repurchase the bare land.
The repurchase price for the land was fixed at “not to exceed the sum of one hundred dollars for all of said lands.” If this price be regarded as uncertain the reservation of the right to repurchase would be invalid (See LSA-C.C. Article 2464). (The invalidity of the reservation clause would not however affect the remainder of the contract, the contract being separable.) Obviously if the reservation is invalid plaintiff has no rights at all.
If on the other hand the repurchase price be regarded as certain and the reservation clause be regarded as valid and binding it would have been necessary for plaintiff to tender the price before filing suit to be declared the owner of the land. This plaintiff did not do. (Compare R. E. E. De Montluzin Co., Limited v. New Orleans & N. E. R. Co., 166 La. 822, 118 So. 33).
As we have heretofore pointed out none of the defendants filed a plea of prescription liberandi causa. Although the liberative prescription of 10 years under LSA-C.C. Article 3544, or the liberative prescription of 30 years under LSA-C.C. Article 3548 might be applicable to the facts of this case when viewed in the light of our appreciation of the instrument of June 9, 1909, we cannot supply such pleas (See Welch v. Courville, La.App., 99 So.2d 487).
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.