BAILES, Judge.
This is an appeal from the judgments of the trial court rendered in favor of third party plaintiffs, Charles L. Wright, Jr., and Home Indemnity Company against Howard Motors, Inc., and its insurer, Zurich Insurance Company, third party defendants. The court a quo held that the third party defendants were indemnitors of the third party plaintiffs for the amount paid by the latter as damages inflicted by Charles L. Wright, Jr., on plaintiffs in a rear end collision. Plaintiff, Sidney F. Muller, was the owner and operator of the automobile in which Mrs. Myrtle Avril Jones, plaintiff in the other suit, was a guest passenger.
Although these suits were filed as separate actions, the facts and circumstances controlling the result reached by us is common to both actions. These suits were consolidated in the trial court, and inasmuch as the original plaintiffs are no longer parties interested in the outcome, the appeals are consolidated in this court and one judgment will be dispositive of the entire matter.'
Plaintiffs’ actions against defendants are based on these allegations:
“That on March 31, 1964, at or about 5:30 P.M. at the intersection of Codifer Blvd. and Beverly Garden Drive, Me-tairie, Louisiana, the defendant, Charles L. Wright, Jr. negligently and carelessly drove his vehicle into the rear of a vehicle driven by Sidney F. Muller and in which Petitioner was a passenger.
“That the vehicle of said Sidney F. Muller was stopped in obedience to a sign on Codifer Blvd., and while so stopped, Charles L. Wright, Jr., ran into the rear of the Muller vehicle.”
Defendants, Wright and Home Indemnity Company, in their joint answer in each case, denied the above allegations of negligence.
These defendants in the main demand filed third party actions against Howard Motors, Inc., and Zurich Insurance Company, alleging they are entitled to indemnification from third party defendants of the full amount of any judgment which might be rendered against them. The basis for this third party action was that on October 9, 1963, Howard Motors, Inc., had defectively performed certain mechanical repair work on the brake system of the Wright vehicle which ultimately, on March 31, 1964, at the time and on the occasion of the accident, caused the brakes on the Wright vehicle to fail; that this failure caused the Wright vehicle to strike the rear of the Muller automobile.
Alternatively, third party plaintiffs allege, that in the event they are not entitled to indemnification, then they are entitled to contribution from third party defendants as joint tortfeasors for the alleged negligence of Howard Motors, Inc., in the faulty repair of the brakes.
Prior to trial of the third party demand, the main action was settled by compromise between the plaintiffs and defendants, Wright and Home Indemnity Company.
The trial court awarded third party plaintiffs judgment, in solido, against third party defendants for the amount that had been paid in settlement of the claims.
Exception of Prescription
We will first make disposition of the exception of prescription filed herein.
These consolidated cases were argued and submitted to the court for decision on January 6, 1972. On January 10, 1972, the third party defendants filed with the Clerk of this court an exception of prescription.
*197 LSA-C.C.P. art. 2163 provides:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
Under the provisions of the above quoted article, a consideration of the exception of prescription is prohibited as it was filed too late.