BOUTALL, Judge.
This is an appeal from a judgment ordering defendant-appellant St. Charles Parish School Board to render $8,100.00 in retroactive pay to plaintiff-appellee Dan Washington, who is employed as a teacher for defendant Board. In order to reach a decision in this matter the trial court found it necessary (the facts were stipulated) to interpret LSA-R.S. 17:423 which states as follows.
“R.S. 17:423 Persons entering military service, rights to prior service credit.
Anthing [sic] in this Part to the contrary notwithstanding, any person who shall have served in the armed forces of *910 the United States during World War II or the Korean conflict shall receive credit under the minimum salary schedule provided for in R.S. 17:419-422 for the period that he served in the armed forces of the United States, to become effective in the fiscal year 1957-1958. Added Acts 1956, No. 286; Sec. 1.”
The stipulation of facts shows that plaintiff enlisted into the United States Air Force in 1952 and served 4 years until 1956, at which time he was honorably discharged. After his discharge, plaintiff attended Southern University and received a Bachelor of Science degree from that institution in August, 1960. In September of 1960, he was employed by defendant under the minimum teacher pay schedule in effect at that time. This schedule is set out in pertinent part in LSA-R.S. 17:421, and is as follows (omitting schedules for 3 years college or less):
"§ 421. Minimum salary schedule Proposed minimum salary schedule for teachers
A B C D E F
Years Teaching Experience * * * * B.A. or B.S. Degree Masters Degree
0 $3400 $3600
1 3500 3700
2 3600 3800
3 3800 4000
4 4000 4200
5 4200 4400
6 4400 4600
7 4600 4800
8 4800 5000
9 5000 5200
10 5200 5400
11 5400 5600
12 5600 5800
13 6000
14 i 6200
15 6400
If the funds appropriated by the legislature are insufficient to fully comply with this Section, the minimum salaries herein provided shall be reduced proportionately. As amended Acts 1954, No. 8, § 1; Acts 1956, No. 3, § 1."
The question to be determined by this court is whether the plaintiff, a Korean War Veteran, is entitled to the benefits of R.S. 17:423, supra. If allowed to receive credit under R.S. 17:423, the plaintiff would be deemed to have begun employment with 4 years of teaching experience and therefore entitled to $4,000.00 for his first year’s salary instead of $3,400.00 which is allotted to a person with no years of teaching experience. By charting the plaintiff’s pay schedule with the extra 4 years of seniority added, it can be seen that the extra 4 years of senority would cause plaintiff to have received an extra $8,100.00 during his years of employment with defendant. (Plaintiff received a Masters of Education in 1967).
Plaintiff contends that it is clear that the Louisiana legislature intended to reward its returning servicemen with a “bonus” if they decided to enter the teaching profession after war service. On the other hand defendant contends that R.S. 17:423 does not apply to newly hired personnel with prior military service. According to defendant this statute applies only to those persons who were employed as teachers prior to the commencement of their military service. Defendant supports this contention by relying on two separate opinions written by the Attorney General’s Office of the State of Louisiana. One of these opinions was written on May 24, 1957, and addressed to the Superintendent of the St. Tammany Parish School Board and the other was written on June 25, 1957, and addressed to the Superintendent of the Jackson Parish School Board. Both opinions are to the effect that R.S. 17:423 “applies to a person employed as a teacher, and until first employed, followed by interruption of employment” for military service, this statute would not be applicable.
The court agrees with the trial court in that the plaintiff is entitled to credit under the minimum salary schedule for his 4 years of military service. The only qualification contained in R.S. 17:423 is that the person must have served in the Armed Forces during World War II or the Korean Conflict. R.S. 17:423 contains no language to the effect that the military service must take place subsequent to employment in the school system. To require that a person be employed by defendant prior to military service in order to receive credit *911 for military service would be reading something into the statute which does not exist.
We now look to Act No. 585 of the 1972 Session of the Louisiana Legislature. Act No. 585 amends R.S. 17:423 to read as follows :
“§ 423 Persons entering military service; right to prior service credit
Anything in this part to the contrary notwithstanding, any person who shall have served on active duty in the armed forces of the United States during World War II or the Korean conflict shall receive credit under the minimum salary schedule provided for in R.S. 17:419-422 for the period that he served in the armed forces of the United States, to be effective in the fiscal year 1957— 1958.
The term ‘person’ as used in this section, shall mean and include only a person who was a regularly employed teacher, as that term is defined in R.S. 17:441, by a school system of this state prior to the time of induction for service in World War II or the Korean conflict.
Section 2. All laws or parts of laws in conflict herewith are hereby repealed.
Approved by the Governor, July 12, 1972."
Under this amendment the privilege of credit for military service prior to employment is no longer extended. The plaintiff can still, however, apply this credit to his work done for defendant prior to the passing of this 1972 amendment.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.