372 So.2d 579 (1979)
Joseph Dennis THOMPSON, Plaintiff-Appellee,
v.
Wanda Lelia COURVILLE, Defendant-Appellant.
No. 6819.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
On Rehearing June 7, 1979.
*580 Hawsey and Koepp by L. E. Hawsey, III, Baton Rouge, for defendant-appellant.
Fruge & Vidrine by Richard W. Vidrine, Ville Platte, for plaintiff-appellee.
Before WATSON, SWIFT and STOKER, JJ.
SWIFT, Judge.
This is an appeal from a judgment denying a contradictory motion to determine and make executory the amount of past due child support allegedly owed appellant, Wanda L. Courville Young, by her former husband, Joseph D. Thompson, appellee.
The parties were divorced in 1966 and custody of the four minor children of the marriage was granted to the mother. The *581 decree also awarded her $125.00 per month for child support. In a subsequent proceeding this was increased to $225.00 per month, effective May 1, 1970. In August of that year the appellant married John E. Young and on December 3, 1970, a consent judgment was signed on a joint motion of the parties reducing the monthly child support payments to $185.00 as of September 12, 1970.
At the trial of the motion giving rise to this appeal, a certified copy of a judgment dated October 29, 1971, further reducing the support payments to $135.00 per month, was admitted in evidence over appellant's objection that the copy was not the best evidence. However, it was stipulated that independent searches had been made by counsel for both parties, as well as the clerk of court, and neither this judgment, the rule nor any of the proceedings concerning same appear in the clerk's office. The only thing found therein pertaining to such judgment were entries in the clerk's charge book which, according to the chief deputy clerk, reflect that on October 12, 1971, a motion to reduce alimony and a copy were presented and charges of $1.00 for filing and $1.00 for certifying the copy were made. On the same day a charge of $1.50 was made for issuing a citation, a copy thereof and a return. A charge of $2.00 was made by the clerk's office on October 29, 1971, for the judgment to reduce alimony and providing two certified copies thereof. The charge book contained no entry of a sheriff's cost or fee for serving the motion. However, it reflects clerk's charges in this case on November 8, 1971, for filing a rule for contempt and the issuance of a citation. Immediately thereunder is an entry dated December 3, 1971, for sheriff's costs of $4.50 paid to the sheriff of Jefferson Parish.
The appellant and her present husband testified she had never been served with the motion to reduce alimony which apparently resulted in the judgment of October 29, 1971. The latter reflects that she made no appearance at the hearing.
Attached to the appellant's motion for a new trial, which was denied by the trial judge, is a certified copy of the original docket card of the sheriff of Jefferson Parish, reflecting that on November 23, 1971, his office received from the Evangeline Parish clerk of court a petition and citation filed in this suit, which were served on Wanda Lelia Courville on November 27, 1971. There are no other entries pertaining to this action on the card. Also attached, is an affidavit from a deputy sheriff of Jefferson Parish stating that she is the custodian of the records wherein the original docket card is kept, and from 1969 to April 14, 1978, there is no other record evidencing receipt or service by that office of any pleadings or documents in this suit other than shown on the docket card. The appellant and her husband resided in Jefferson Parish in October and November, 1971.
The appellee has paid most of the monthly child support payments provided in the judgments mentioned hereinabove. In addition, he has paid slightly over $7,000.00 to the children as gifts and directly to doctors, merchants, schools and dentists for services rendered them.
The appellant contends that the trial judge erred in concluding that the judgment of October 29, 1971, reducing the child support monthly payments from $185.00 to $135.00 per month, was valid and also that appellee was entitled to credit on the monthly sums he was ordered to pay to her for monies that he paid to the children as gifts and to others on their behalf. She also contends she is entitled to interest on the arrearage and attorneys fees.
The appellee has not favored us with a brief and, of course, did not appear before this court for oral argument.
Addressing the first question, under our law while citation is not essential in a summary proceeding a judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity that can be raised collaterally at any time. LSA-C.C.P. Articles 2594 and 2002(2); General Motors Acceptance Corporation v. Guidry, *582 177 So.2d 184 (La.App. 3 Cir. 1965); Succession of Barron, 345 So.2d 995 (La. App. 2 Cir. 1977).
Since the judgment of October 29, 1971, reflects that no appearance was made by the appellant at the hearing, its validity depends on whether proper service of appellee's contradictory motion was made on Mrs. Young.
According to General Motors Acceptance Corporation v. Guidry, supra, citation and service of process must be proved by the sheriff's return alone and parole evidence is not admissible as proof thereof. In the present case no legal evidence was presented to establish that the motion on which the October 29, 1971, judgment was rendered was served upon the appellant since there is no sheriff's return to this effect in the record. On the contrary, the only evidence on the subject (admissible or otherwise) seems to be that no return was ever made by a sheriff in regard thereto. We are convinced from the evidence which was properly admitted at the trial of the contradictory motion presently before this court that the appellant was never served with the motion to reduce child support that gave rise to the October 29, 1971, judgment and that it was an absolute nullity. The appellant is therefore entitled to have the amount of the past due child support determined and made executory under the judgments of the trial court rendered prior thereto.[1]
As of March 15, 1978, when this motion was tried, the appellee had been ordered to pay monthly child support amounting to $17,749.73. Appellant does not challenge her ex-husband's right to credit for the funds she actually disbursed on behalf of the children even though she received such payments through checks made payable to the children rather than to her. Consequently, according to "Exhibit A" attached to appellant's motion herein, which with certain corrections was stipulated to properly reflect these payments, appellee was entitled to a total credit of $13,185.00, leaving a total arrearage of $4,564.73.
In denying appellant's motion, however, the trial judge concluded that between 1970 and 1978 the appellee had paid more than he was ordered to pay for child support through donations to his daughters and the sums paid directly to physicians, schools, merchants, and dentists on behalf of the children.
In Simon v. Calvert, 289 So.2d 567, 570 and 571, (La.App. 3 Cir. 1974), writ denied, 293 So.2d 187 (La.1974) this Court said:
"The obligation of [a] father is to support the minor children by making payments to the mother, and it is only by so complying that he fulfills his obligation. Rodriquez v. Rodriquez, 245 So.2d 765 (La. App. 4 Cir. 1971). The judgment for child support, as to the amount past due, is the property of the party in whose favor it was given. Coleman v. Coleman, 209 So.2d 801 (La.App. 2 Cir. 1968)."
* * * * * *
"The only remedy available to a father to relieve himself of the obligation of paying child support imposed by a judgment is by proceeding to have the judgment amended, suspended or terminated. Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Rodriquez v. Rodriquez, 245 So.2d 765 (La.App. 4 Cir. 1971); Hebert v. Hebert, 159 So.2d 537 (La.App. 3 Cir. 1964). Courts cannot consider equity for the purpose of nullifying or reducing accumulated alimony, which is a vested property right, until the judgment is altered or amended by subsequent judgment or is terminated by operation of law. LSA-C.C.P. art. 3945; Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Elchinger v. Elchinger, 181 So.2d 297 (La. App. 4 Cir. 1965)."
Also, see Odum v. Odum, 273 So.2d 576 (La.App. 1 Cir. 1973), wherein credit was denied a husband for payments made to dentists, doctors and merchants in behalf of his children.
*583 There being no evidence to establish that the gifts to the children and the payments to others on their behalf were made at the request of the appellant or that she waived her rights to receive these payments, the appellee is not entitled to credit for such amounts.
In addition to the total arrearage in child support, the appellant is entitled to recover legal interest on each past due installment of child support from the date the installment was due until paid. Miller v. Miller, 321 So.2d 318, 321 (La.1975).
Since no reasonable explanation was given as to why the appellee was in arrears (even under the provisions of the invalid October 29, 1971, judgment) when appellant's motion was filed, the appellant is also entitled to a reasonable attorney's fee under LSA-R.S. 9:305. We will fix the fee at $900.00.
For these reasons, the judgment of the trial judge is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of appellant-plaintiff-in-rule, Wanda L. Courville Thompson, and against appellee-defendant-in-rule, Joseph D. Thompson, in the sum of $4,564.73 for unpaid child support as of March 15, 1978, together with legal interest on each delinquent installment from the date it became due until paid, and for her attorney's fee of $900.00. All costs of court, including this appeal, are assessed to the defendant-in-rule.
REVERSED AND RENDERED.

ON REHEARING
WATSON, Judge.
A rehearing was granted in this matter in order to consider an exception of prescription filed with the application for rehearing. The prescription urged is that three years, ".... for arrearages of ... alimony" under LSA-C.C. art. 3538.
While there is some jurisprudential authority against allowing an exception to be filed on application for rehearing [See e. g. Braswell v. Heartwell, 234 So.2d 197 (La. App. 2 Cir. 1970), writs denied, 236 So.2d 497, 498; and Collette v. Olivier, 309 So.2d 894 (La.App. 3 Cir. 1975), writ denied, 313 So.2d 827] we see no valid reason why the plea of prescription should not be allowed in this instance.
Prescription is clearly applicable. It would be pointless to refuse to allow the exception's filing and to require the exceptor to seek writs from the Supreme Court. In our discretion, therefore, we will permit the exception of prescription to be filed. Gulotta v. Cutshaw, 283 So.2d 482 (La.1973).
Since the exception is well taken, our original opinion in these proceedings must be modified to eliminate from the judgment any unpaid child support which was due more than three years prior to the filing of the rule to collect the arrearage. The rule was filed on February 15, 1978, and since the payment date is the first of the month, only amounts due and payable since March 1, 1975 are subject to being made executory. Under the judgment of the trial court the defendant-in-rule was ordered to pay a total of $6,600 (36 months at $185). He has paid, according to Exhibit A (TR. 22 and 23) and stipulations between the parties, the sum of $3,970. Therefore, the unpaid child support as of February 15, 1978[1] is $2,700.
We do not alter our original decree concerning attorney's fees.
The original decree is modified and amended, as follows:
It is ORDERED, ADJUDGED and DECREED that there be judgment in favor of Wanda L. Courville Thompson and against Joseph D. Thompson in the sum of $2,700 for unpaid child support as of February 15, 1978, together with legal interest on each delinquent amount from the due date until paid and for her attorney's fee of $900.
*584 All costs, including appeal, are assessed to Joseph D. Thompson.
ORIGINAL DECREE AMENDED AND, AS AMENDED, RENDERED.
SWIFT, J., dissents and assigns written reasons.
SWIFT, Judge, dissenting.
I respectfully disagree with the majority's decision to consider the exception of prescription filed herein by the appellee because I am convinced that to do so is contrary to Article 2163 of the Louisiana Code of Civil Procedure and the settled jurisprudence of this state.
Article 2163, of course, permits an appellate court to consider such an exception even though filed for the first time in that court, "... if pleaded prior to a
submission of the case for a decision, and if proof of the ground of the exception appears of record."
It has been consistently held (and at least twice before by this court) that an exception of prescription filed in a court of appeal after a case has been argued orally and submitted for a decision will not be considered because under this article it was filed too late. Collette v. Olivier, 309 So.2d 894 (La.App. 3 Cir. 1975), writ denied 313 So.2d 827 (La.1975); Washington v. St. Charles Parish School Board, 274 So.2d 909 (La.App. 4 Cir. 1973), reversed on other grounds 288 So.2d 321 (La.1974); Jones v. Wright, 258 So.2d 195 (La.App. 4 Cir. 1972), writ denied 261 La. 530, 260 So.2d 317 (1972); Braswell v. Heartwell, 234 So.2d 197 (La.App. 2 Cir. 1970), on rehearing, writs refused 256 La. 361, 363, 236 So.2d 497, 498 (1970); Tarver v. Columbia Gulf Transmission Company, 205 So.2d 764 (La.App. 3 Cir. 1967), writ denied 251 La. 1044, 208 So.2d 322 (1968); Steib v. Joseph Rathborne Land Co., 163 So.2d 429 (La.App. 4 Cir. 1964), writ denied 246 La. 376, 164 So.2d 361 (1964); Merchants Adjustment Bureau, Inc. v. Malta, 102 So.2d 781 (La.App. 2 Cir. 1958).
Despite this jurisprudence interpreting Article 2163, without expressly overruling or distinguishing the two previous decisions of this court or giving any particular reason to depart from the well established rule, the majority has decided on rehearing as a matter of discretion to consider and give effect to an exception of prescription that was filed after our original decision was rendered.
Gulotta v. Cutshaw, 283 So.2d 482 (La. 1973), which was cited by the majority as authority for its action, may have held that our supreme court can exercise its discretion in such a situation. But I do not think so as it appears to me the exception of prescription was filed in that court before the case was submitted for its original decision. Be that as it may, I do not find any authority for a court of appeal to exercise such discretion.
I am unable to understand how a panel of this court can render a decision that is clearly contradictory to a prior decision of the court without overruling same. From all indications, with its other work, the Louisiana Supreme Court has enough to do resolving conflicts between decisions of the four courts of appeal without having to do likewise in regard to conflicts in cases of the same court. I submit that in order to promote understanding and stability of law, as well as efficiency in the administration of justice, conflicts between panels or conflicts with prior decisions of the same court should be resolved by that court of appeal, if necessary en banc. However, as there is no applicable constitutional provision or court rule it appears that the conflict between the majority's decision in this case and the prior jurisprudence of this court and the other courts of appeal can only be resolved by our supreme court through the exercise of its general supervisory jurisdiction.
NOTES
[1] The judgment that is now in effect in this case and will remain so until modified in an appropriate proceeding is dated December 3, 1970, and orders child support payments in the sum of $185.00 per month.
[1] This applies the $225 paid after the motion was filed to support due prior to February 15, 1978.