SAMUEL, Judge,
dissenting.
I do not disagree with the correctness of the conclusions reached in the majority opinion. However, those conclusions are concerned only with the issue raised by the filing of a defendant exception of prescription in the Supreme Court (apparently in connection with defendant’s application for writs) and, in my view, this court is without jurisdiction[1] to consider that exception. No such exception was filed in the trial court, and although one was filed in this court, it was filed only after the case had been submitted for a decision and after our opinion and decree had been handed down.
Under C.C.P. Art. 927, prescription is a peremptory exception which must be specially pleaded, and we are prohibited from supplying the objection raised thereby. The first paragraph of C.C.P. Art. 2163 reads:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.” (Emphasis ours).
The above quoted portion of Article 2163 plainly states we may consider the peremptory exception (including prescription) filed for the first time in this appellate court. But, with equal clarity, it prohibits such consideration unless that exception is pleaded prior to submission of the case for a decision.[2] Here, as has been pointed out, the exception was filed for the first time in this court and then not only after submission, but after the case had been handed down. Thus, while the Supreme Court may very well have jurisdiction to hear the exception filed in that court, we do not.
As courts obtain their jurisdiction over all matters only by virtue of our constitution and legislative acts, the Supreme Court’s “general supervisory jurisdiction over all other courts”[3] does not include authority to confer on other courts jurisdiction not granted by the constitution or the legislature. Here, we not only do not have jurisdiction, the legislature has prohibited us from exercising jurisdiction.
For the foregoing reasons, I respectfully dissent.

. See LSA-C.C.P. Art. 2.

. Braswell v. Heartwell, La.App., 234 So.2d 197. Thompson v. Couville, La.App., 372 So.2d 579, is to the contrary, but the Thompson court did not consider or notice C.C.P. Art. 2163.

. Article 5, § 5(A), La.Const. of 1974.