415 So.2d 483 (1982)
Irene Roach VAUGHAN
v.
Charles Thomas VAUGHAN.
No. 14818.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*484 Thomas H. Gray, Slidell, for plaintiff, appellant.
Charles Thomas Vaughn, in pro. per.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
The issues presented here are whether or not the trial court committed manifest error in rendering judgment for less than the full amount of accrued child support payments, and in allowing defendant to repay the arrearages by weekly payment rather than in a requisite lump sum.
Plaintiff, Irene Roach Vaughan (now Bray), and defendant, Charles Thomas Vaughan, were legally divorced as of February 7, 1977. At that time plaintiff was granted custody of the two minor children and defendant was ordered to pay $25 a week alimony and $50 a week child support. Payments were to begin on February 26, 1977.
On April 10, 1981, plaintiff filed a rule for contempt claiming defendant owed $16,125 in past-due alimony and child support. The claim for alimony was later dropped and a hearing was held on defendant's obligation to pay $7,800 for child support.[1] Plaintiff testified defendant had not made any payments in the three years prior to the filing of the rule. Defendant said he didn't pay because the plaintiff would not allow him to visit the children and had told him she didn't want anything he had. When asked if he had paid any child support at all, defendant answered as follows:
"I have paid some. I don't have any records. I paid cash, you know. But, I don't know how much it is or when."
When questioned further about whether or not he had any receipts or any estimate of the amount he had paid, he stated:
"No, sir. It'sI haven't paid her anything in the last, I know, in the last year and a half. That was about the last time I seen the boys. I wanted to take them fishing and she wouldn't let me take them fishing."
Without assigning reasons the court granted judgment in favor of Mrs. Vaughan and against Mr. Vaughan in the amount of $3,900 to be repaid in payments of $10 a week until paid. Mrs. Vaughan filed this appeal.
The La.Code of Civ.P. art. 3945, sets forth the procedure for collection of past-due alimony.
"When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the *485 amount of past due alimony." (Emphasis added.)
Because of the phrase "the court shall render," it has been held the court has no discretion as to whether or not judgment will be rendered if there is proof payments are in arrears. Whitt v. Vauthier, 316 So.2d 202 (La.App. 4th Cir. 1975), writ refused 1975, cert. denied, 424 U.S. 955, 96 S.Ct. 1429, 47 L.Ed.2d 360; Bell v. Bell, 225 So.2d 753 (La.App. 4th Cir. 1969). Although the court did render judgment for the arrearages, it did so for only half the amount claimed.
Certainly if the defendant had shown he had in fact paid some amount of child support he would be entitled to a credit in that amount. Davis v. Davis, 405 So.2d 594 (La.App. 3d Cir. 1981). However, we find the record void of such evidence. We cannot accept defendant's bald statement that he made "some payment" as evidence sufficient to grant him a credit. Indeed, it would be impossible to do so without knowing how much he had paid. Mrs. Vaughan testified unequivocally defendant had made no payments in the past three years. Unless defendant has some records or other evidence indicating the approximate dates and amounts of the payments he is not entitled to a credit. Elchinger v. Elchinger, 181 So.2d 297 (La.App. 4th Cir. 1965).
We are uncertain as to why the court rendered judgment for half the amount prayed for. Defendant admitted he had not made any payments for the past year and half. Perhaps the court interpreted this to mean the defendant had been current for the other year and a half of the three year period. For the reasons expressed above, we find no evidence which would support granting defendant a credit for any amount.
To the extent the trial court may have been acting equitably in reducing the amount of arrearages, we note equity will not nullify or reduce accumulated child support because child support is a vested property right until the judgment is altered or amended by a subsequent judgment or is terminated by operation of law. Theriot v. Melancon, 311 So.2d 578 (La.App. 3d Cir. 1975); Elchinger, supra. Any complaints defendant may have concerning the denial of his visitation rights must be brought to the attention of the court through the proper procedures and can in no way be used to reduce the amount of child support due.
We note the wife's failure to make periodic demands for child support does not estop her from proceeding by rule to claim the accrued amount. Henson v. Henson, 350 So.2d 979 (La.App. 2d Cir. 1977); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir. 1980).
The second issue is whether or not the trial court acted properly in rendering judgment in terms that allow the defendant to repay the debt in weekly payments rather than in a requisite lump sum. We hold this was error in that the right to accrued alimony is a property right of the person in whose favor it is given and that person has a right to receive the arrearages in a lump sum. Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975), writ refused 1975, appeal after remand 323 So.2d 513; Vinet v. Vinet, 184 So.2d 33 (La.App. 4th Cir. 1966).
For these reasons we amend the judgment in favor of Irene Roach Vaughan and against Charles Thomas Vaughan by increasing the amount to $7,800 (SEVEN THOUSAND EIGHT HUNDRED AND NO/100 DOLLARS), plus legal interest from date of judicial demand until paid. We reverse the judgment insofar as it ordered defendant to repay the money in weekly installments. We affirm the judgment in all other aspects. Defendant-appellee Charles Thomas Vaughan is to pay costs.
REVERSED IN PART; AMENDED; AND, AS AMENDED, AFFIRMED.
NOTES
[1] This amount was claimed for the three years (or 156 weeks) prior to the filing of the rule. No claim was made for arrearages accruing more than three years prior since any such claim would be subject to defendant's defense of prescription under La.Civ.Code art. 3538.