423 So.2d 791 (1982)
Evelyn McGee, Wife of Freddie SINGLETON
v.
Freddie SINGLETON.
No. CA-0057.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1982.
Writ Denied January 28, 1983.
*792 Philip R. Riegel, Jr., New Orleans, for plaintiff-appellant.
John B. Perry, New Orleans, for defendant-appellee.
Before GULOTTA, WARD and CIACCIO, JJ.
WARD, Judge.
This appeal arises from the alleged failure of Freddie Singleton to pay the child support which the Trial Judge had ordered him to pay as part of a separation proceeding. The record in this case shows that in June, 1979, the Trial Judge rendered a judgment that awarded Mrs. Singleton custody of the minor child born of the marriage and ordered Mr. Singleton to pay $70.00 a week for child support. In October, 1981, Mrs. Singleton filed a rule for contempt, alleging that Mr. Singleton had not paid child support and moving for judgment in the amount that was owed, plus legal interest, attorney fees and costs.
In her motion for judgment, Mrs. Singleton claimed that Mr. Singleton had made payments for only three months in 1979 and owed $980.00 for that year; that he had made no payments in 1980 and owed $3,640.00 for that year; and that he had made no payments in 1981 and owed $2,730.00 through September 30 of that year when suit was filed. These alleged arrearages totaled $7,350.00. Mr. Singleton admitted that he had not paid all of the child support ordered by the Trial Court, but he denied that he owed the amount alleged by Mrs. Singleton. He contends that he owes $1,540.00, not $7,350.00, and alleges that he had made payments to Mrs. Singleton totaling $5,810.00. His allegation of payment was the issue before the Trial Court.
The Rule and Motion were tried December 8, 1981, and on January 6, 1982, the Trial Court dismissed the motion for contempt and rendered judgment against Mr. Singleton for past-due child support, legal interest, and costs, but only for $1,540.00, the amount he admittedly owed.
Mrs. Singleton has appealed and alleges that the judgment is incorrect. She contends that Mr. Singleton's claim of payment is an affirmative defense which he must prove by a preponderance of the evidence, and she alleges that the Trial Judge erred when he accepted the uncorroborated testimony *793 of Mr. Singleton as sufficient proof that he had paid $5,810.00 to her for child support. Hence, she argues that this court should amend her award to include the full amount which she has alleged is past-due, reduced only by the amount which Mr. Singleton has proved he has paid by receipts. In support of her argument, Mrs. Singleton cites La.C.C.P. Art. 3945 and relies on the recent case of Vaughan v. Vaughan, 415 So.2d 483 (La.App. 1st Cir.1982). La.C.C.P. Art. 3945 states:
When the payment of alimony under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due alimony determined and made executory. On the trial of the contradictory motion, the court shall render judgment for the amount of past due alimony.
As Mrs. Singleton has correctly pointed out, Article 3945 was discussed in Vaughan v. Vaughan, supra. In that case, the Trial Court awarded the wife $3,900.00 in pastdue child support although she had petitioned for $7,800.00. In amending the judgment of the lower court and awarding to the wife the amount which she had claimed, the First Circuit Court of Appeal held:
Because of the phrase "the court shall render," it has been held the court has no discretion as to whether or not judgment will be rendered if there is proof payments are in arrears. Whitt v. Vauthier, 316 So.2d 202 (La.App. 4th Cir.1975), writ refused 1975, cert. denied, 424 U.S. 955, 96 S.Ct. 1429, 47 L.Ed.2d 360; Bell v. Bell, 225 So.2d 753 (La.App. 4th Cir.1969). Although the court did render judgment for the arrearages, it did so for only half the amount claimed.
Certainly if the defendant had shown he had in fact paid some amount of child support he would be entitled to a credit in that amount. Davis v. Davis, 405 So.2d 594 (La.App. 3d Cir.1981). However, we find the record void of such evidence. We cannot accept defendant's bald statement that he made "some payment" as evidence sufficient to grant him a credit. Indeed, it would be impossible to do so without knowing how much he had paid.
Mrs. Vaughan testified unequivocally defendant had made no payments in the past three years. Unless defendant has some records or other evidence indicating the approximate dates and amounts of the payments he is not entitled to a credit. Elchinger v. Elchinger, 181 So.2d 297 (La.App. 4th Cir.1965).
The language in this opinion is the basis of Mrs. Singleton's argument that any claim of payment by the husband is an affirmative defense which he must prove.
Although the opinion lends support to her argument, we nevertheless believe that Vaughan v. Vaughan, supra, was concerned with the lack of evidence supporting either the husband's testimony or the Trial Judge's finding on the issue of credibility, but not with the question of who has the burden of proof. We do not believe, as counsel for Mrs. Singleton argues, that Vaughan stands as authority for the rule that the husband has the burden of proof to show payments. If this were true, all the wife would have to do is allege non-payment, and, without more, the husband would be required to go forward to prove payments.
We believe the wife as the moving party must first substantiate her claim with credible and supportive testimony and that Vaughan stands for the rule that when the wife gives credible testimony that supports her claim, the mere "bald statement" of the husband that he has made "some payment" is insufficient to rebut the wife's testimony.
In the Vaughan case, the wife testified first, and, as the Court pointed out, her testimony was both credible and unequivocal. In that case, the husband's testimony was uncorroborated; he did not offer other evidence of payments. The absence of either receipts or cancelled checks, and his failure to testify as to times and dates when he made payments made his testimony unworthy of belief. Because the husband would ordinarily have corroborative evidence such as cancelled checks, cash receipts, money order stubs, and in some instances witnesses, his failure to produce corroborative *794 evidence cast doubt on his credibility. In sum, he did not rebut the wife's credible and unequivocal testimony.
The present case is easily distinguishable because Mrs. Singleton's testimony was equivocal. More than that, it was untruthful. The Trial Judge said:
The Court finds that the plaintiff in this instance has not been truthful with the court and in some of the statements finds contradictions about the amount of money that she received and about the amount of money that was paid out by the husband, Freddie Singleton, to the wife. I believe the story of the husband seems to be much more credible. His story seems to be in keeping with the facts....
Obviously, the Trial Court believed that Mrs. Singleton had not given credible testimony to support her claim as to the amount in dispute.
Additionally, even if we believed the record showed that Mrs. Singleton's testimony in some way had supported her claim, the record also shows that Mr. Singleton produced evidence which rebutted it. Mrs. Singleton testified that she had never received cash payments. This statement was disproved by production of receipts for cash received by Mrs. Singleton from her husband. She testified that she had never received a money order from her husband. That testimony was contradicted by both Mr. Singleton and a witness. She testified she had never received payments during either 1980 or 1981. Mr. Singleton produced documents showing that he had made some payments during those years. Thus, the present case is distinguished from Vaughan, supra, not only by the failure of Mrs. Singleton to establish her claims by credible testimony, but also because Mr. Singleton offered a good deal more proof than a "bald statement" of payments.
Finally, the question of whether the husband had paid child support is ultimately one of credibility. The Trial Judge chose to believe the husband. Mrs. Singleton has not shown either that there was an error of law or that the Trial Judge's finding of fact was clearly wrong. Accordingly, we affirm. All costs of this appeal to be born by appellant.