556 So.2d 918 (1990)
Clovernice LAVERGNE, Plaintiff-Appellee (Defendant in Rule),
v.
Gayle Broussard LAVERGNE, Defendant-Appellant (Plaintiff in Rule).
No. 88-1118.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
*919 Thompson & Sellers, Roger Sellers, Abbeville, for plaintiff-appellee.
Theall & Fontana, Gary Theall, Abbeville, for defendant-appellant.
Before DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
FORET, Judge.
Appellant, Gayle Broussard Lavergne, now Altmann, filed a rule to make past-due child support executory against her former husband, Clovernice Lavergne. The trial court denied appellant's rule and she has appealed.

FACTS
Clovernice and Gayle Lavergne were divorced on May 22, 1975. The divorce judgment granted custody of the one child of the marriage, Corey Lavergne, to appellant, and ordered appellee to pay child support in the amount of $110 per month. Appellant thereafter filed the present rule, seeking to make past-due child support executory. The child support at issue is for the period beginning January of 1984 and ending May, 1986, during which time appellant had the legal and physical custody of her son, Corey. The appeal filed by appellant presents the following issues:
1. Did the trial court err in placing the burden of proving non-payment on the custodial parent rather than placing the burden of proving payment on the non-custodial parent?
2. Did the trial court err in allowing credit for payments made prior to the period in question.
3. Did the trial court err in finding that the parties had a legally enforceable agreement suspending child support payments?
4. In the event the judgment of the trial court is reversed, what is the amount of child support in arrears?
5. In the event the judgment of the trial court is reversed, is appellant entitled to attorney's fees and court costs and, if so, what amount of attorney's fees should be awarded?

ASSIGNMENT OF ERROR NO. 1
Appellant contends that the trial court erred in finding that the burden of proof was on appellant to prove non-payment of child support. In support of her position, appellant cites C.C.P. art. 1005 which states that extinguishment of an obligation is an affirmative defense. We disagree with appellant's position in this regard as the jurisprudence of our State is to the effect that the mover in rule bears the burden of proof in a rule to make child support executory. This same issue was presented to the court in Singleton v. Singleton, 423 So.2d 791 (La.App. 4 Cir.1982), writ denied, 427 So.2d 1210 (La.1983). In finding that the mover in rule, in a rule to make past-due child support executory, bears the burden of proof, the court distinguished Vaughan v. Vaughan, 415 So.2d 483 (La.App. 1 Cir.1982), and stated the following, at 793:
"Although the opinion lends support to her argument, we nevertheless believe that Vaughan v. Vaughan, supra, was concerned with the lack of evidence supporting either the husband's testimony or the Trial Judge's finding on the issue of credibility, but not with the question of who has the burden of proof. We do not believe, as counsel for Mrs. Singleton argues, that Vaughan stands as authority for the rule that the husband has the burden of proof to show payments. If this were true, all the wife would have to do is allege non-payment, and, without more, the husband would be required to go forward to prove payments.
We believe the wife as the moving party must first substantiate her claim with credible and supportive testimony and that Vaughan stands for the rule that when the wife gives credible testimony that supports her claim, the mere `bald statement' of the husband that he has made `some payment' is insufficient to rebut the wife's testimony.

*920 In the Vaughan case, the wife testified first, and, as the Court pointed out, her testimony was both credible and unequivocal. In that case, the husband's testimony was uncorroborated; he did not offer other evidence of payments. The absence of either receipts or cancelled checks, and his failure to testify as to times and dates when he made payments made his testimony unworthy of belief. Because the husband would ordinarily have corroborative evidence such as cancelled checks, cash receipts, money order stubs, and in some instances witnesses, his failure to produce corroborative evidence cast doubt on his credibility. In sum, he did not rebut the wife's credible and unequivocal testimony."
We therefore find, in accordance with the court's holding in Singleton, that the trial court was correct in finding that appellant, as mover in rule, had the burden of proving the amount of child support in arrears.

ASSIGNMENT OF ERROR NO. 2
Appellant also contends that the trial court erred in giving credit for overpayments made by appellee from 1980 through January 15, 1984. With this contention, we agree. Defendant introduced documentary evidence indicating that he made overpayments totaling $1,202, and he asserts that he is entitled to a credit for such amount against any future support obligations. However, we have reviewed the evidence and the correct amount of the overpayment is $1,092 as the appellee improperly included in this total, his January, 1984 payment of child support in the amount of $110.
Insofar as the so called "overpayments" are concerned, appellee testified that there was no agreement between him and appellant that he would be able to credit these payments against any future support obligations. He testified that the additional money was requested by appellant and that he obliged simply because he wanted to help. While we commend appellee for his willingness to provide financial support to his minor child, the jurisprudence is clear that, under such circumstances, appellee is not entitled to a credit against his future support obligations. In the absence of a specific agreement between the spouses that the overpayments will be credited against future child support payments, the jurisprudence has consistently held that the payor spouse is entitled to no credit. Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1 Cir.1983); Youngberg v. Youngberg, 499 So.2d 329 (La.App. 4 Cir.1986). Because there is no such agreement in the case at bar, the trial court erred in crediting these overpayments against appellee's future support obligations.

ASSIGNMENT OF ERROR NO. 3
Appellant also contends that the record does not establish, as appellee maintains, that appellant agreed to waive child support payments for the period beginning January of 1984 and ending May, 1986.[1] The law with respect to agreements modifying court-ordered child support is well established. In Martin v. Martin, 433 So.2d 364 (La.App. 3 Cir.1983), we stated the following:
"A child support award may not be modified, reduced, or terminated unless: (1) proper suit is brought; (2) by operation of law; or (3) the parties enter into a conventional obligation suspending the support award. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir. 1983). Although none of the conditions are applicable to the case at bar, the trial court's decision is premised on a finding that the parents entered into a conventional obligation to modify the child support decree.
In Ramos, supra, the court stated:

*921 `In order for an agreement between parents to modify the amount of child support to be enforceable, the parties must clearly agree to that modification, and the burden of proof is on the party relying on the agreement to relieve him of his obligation.' (emphasis added)
In his reasons for judgment the trial judge stated: `Although Mrs. Martin was released from Cypress [Hospital] after one month, she made no effort to regain custody of the children.' A review of the record fails to reveal any evidence to support the trial court's factual determination of this question. In fact, to the contrary, the record indicates that within a month-and-a-half after her release from the hospital Mrs. Martin initiated this rule to collect child support arrearages. There is no evidence to show that Mrs. Martin clearly agreed to any modification of the child support judgment.
We hold that Mr. Martin has failed to carry his burden of proving that his wife clearly agreed to a modification concerning his child support obligations. Dubroc, supra; Ramos, supra."
It is equally well established that mere acquiescense in the obligor spouse's failure to make child support payments does not amount to a waiver of such payments. Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
In the instant case, appellee testified that in December of 1983, appellant advised him to discontinue child support stating that he would not be allowed to see the child anyway. Appellee states that he nevertheless sent the January, 1984 payment of $110 and that, upon receiving it, appellant called and advised him that he wasn't supposed to make the payment. According to appellee, he then advised appellant to send the check back, tear it up, or use it. He acknowledges that appellant did, in fact, negotiate the check.
The testimony of appellant with regard to this issue directly conflicts that of appellee. She acknowledges that she informed appellee that he would not be allowed to see his son anymore. However, she testified that at this point, appellee advised that if he could not see his son, he would not make any additional child support payments. She therefore denies having made any agreement with appellee to suspend or waive child support. A review of the record reveals that neither party was able to produce any corroborating evidence in support of their respective positions. Considering this, we find that appellee has failed to prove that an agreement to waive or suspend child support existed in this case. He was required, under our jurisprudence, to establish that the parties clearly agreed to a modification of the support obligation. The evidence of record clearly does not establish such an agreement. Accordingly, appellee is liable for past-due child support for the period beginning February, 1984 and ending May, 1986.

AMOUNT OF CHILD SUPPORT OWED AND ATTORNEY'S FEES
As for the amount of child support in arrears, the record shows that appellee made the January, 1984 child support payment but made no other payments during the period beginning January, 1984 and ending May, 1986. Accordingly, appellee owes past-due child support totaling $3,080.
As for attorney's fees, R.S. 9:305 provides as follows:
"§ 305. Attorney fees in alimony, child support and child visitation proceedings
When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party."
As we see no just cause for the appellee's failure to make child support payments, we award appellant attorney's fees in the amount of $600 in connection with these proceedings.
Considering the above and foregoing, the judgment of the trial court is hereby reversed and judgment is rendered in favor of appellant, Gayle Broussard Lavergne, and against appellee, Clovernice Lavergne, for past-due child support totaling the sum of $3,080, making said amount immediately *922 due and executory, together with attorney's fees of $600 and all costs of these proceedings, both in the trial court and on appeal.
REVERSED AND RENDERED.
NOTES
[1] In its reasons, the trial court does not state whether or not it found that such an agreement existed. However, overpayments claimed by appellee from 1980 through 1983 only amounted to $1,092, and the claimed arrearage (for the period beginning January of 1984 through May of 1986) is $3,080. Therefore, the trial court must have found that such an agreement existed as there is clearly no other basis for the trial court's decision to deny recovery of the balance of $1,988 ($3,080 minus $1,092).