635 So.2d 530 (1994)
Cheryl Richard KIBODEAUX, Plaintiff-Appellant,
v.
Keith John KIBODEAUX, Defendant-Appellee.
No. 93-1143.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*531 Andre' Joseph Buisson, Jennings, for Cheryl R. Kibodeaux.
Keith J. Kibodeaux, pro se.
Before KNOLL, COOKS and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a judgment awarding plaintiff child support arrearages.

FACTS
Pursuant to the divorce of the parties, defendant, Keith John Kibodeaux, was ordered to pay plaintiff, Cheryl Richard Kibodeaux, $605.00 per month for child support, beginning January 1, 1991. On March 19, 1992, plaintiff applied to the Louisiana Department of Social Services, Office of Family Support to help her enforce the child support judgment. As a result of this application for services, the state instituted a proceeding in juvenile court entitled "State of Louisiana v. Keith John Kibodeaux." This proceeding, bearing docket number J-77-92, resulted in a judgment signed June 2, 1992, making future child support payments payable through the Department of Social Services. The judgment also recognized that defendant owed child support arrearages of $2025.00 "through May, 1992." The record reflects that the arrearages adjudicated in the juvenile court proceedings were those due from January 1992 through May 1992. Plaintiff claims defendant also owed arrearages from 1991, but the 1991 arrearages were not adjudicated in the juvenile court proceedings.
On October 12, 1992, plaintiff filed a rule for contempt, seeking to have defendant held in contempt of court for failing to pay child support. Plaintiff also sought judgment making child support arrearages executory. On November 5, 1992, defendant filed a rule to decrease child support. Both rules were heard by the trial court and judgment was rendered April 28, 1993, ordering defendant to pay child support arrearages totalling $4529.92. This amount reflects actual arrearages from January 1992 through December 1992. The judgment denied plaintiff's claim for any arrearages before January 1, 1992, because the court considered the judgment in the juvenile court proceedings to be res judicata as to all arrearages due "through May, 1992." Plaintiff's claim for attorney's fees and defendant's claim for a reduction of child support were both denied.
It is from this judgment that plaintiff appeals, asserting the following assignments of error: (1) the trial court erred in failing to award plaintiff the total arrearages claimed plus interest from the respective due dates of each payment, and (2) the trial court erred in failing to award plaintiff reasonable attorney's fees.

CHILD SUPPORT ARREARAGES
We must determine what impact the juvenile court judgment has on plaintiff's claim for child support arrearages in the case sub judice. Plaintiff claims the juvenile court judgment does not accurately reflect all of the arrearages that were due in May, 1992 because the proceedings only determined those payments defendant failed to make in 1992. Plaintiff claims defendant also owed arrearages for 1991, but this issue was not litigated in the juvenile court proceedings.
*532 The trial court found that the juvenile court judgment was res judicata as to all child support arrearages owed by defendant through May, 1992. This decision was based, in part, on La.Code Civ.P. art. 425, which requires a party to an action to "assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." The trial court found plaintiff was a "party" to the juvenile court proceedings and was, therefore, required to assert her claim for all arrearages due at that time or forfeit that not asserted.
The provisions regarding res judicata are set out at La.R.S. 13:4231 as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Plaintiff argues her claim is not res judicata because the parties to the juvenile court proceeding are not the same as the parties in the case sub judice. A plea of res judicata cannot be raised against a litigant who was neither a party to the former suit nor the successor to the rights of one of the parties of the former suit. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532 (La.1988). The juvenile court proceedings were between the state and Mr. Kibodeaux. The trial court found the parties in the juvenile court proceedings to be identical to those in the case sub judice, because the state was merely acting on plaintiff's behalf in the juvenile court proceedings. We disagree.
The juvenile court proceedings were instigated against the defendant by the state. Although plaintiff requested the state's help in enforcing the original child support judgment, plaintiff was neither personally represented nor actually present at the juvenile court hearings. We find that the language in La.R.S. 46:236.1 and in plaintiff's Application for Child Support Services clearly indicates the state was not representing plaintiff in the proceedings against defendant, but was, in fact, representing its own interests.
La.R.S. 46:236.1 sets out statutory provisions regarding support enforcement services provided by the state and section K(3) provides in pertinent part:
Any attorney initiating legal proceedings pursuant to this Section and Titles IV-D and IV-A of the Social Security Act shall represent the state of Louisiana, Department of Social Services exclusively. An attorney-client relationship shall not exist between the attorney and any applicant or recipient of child support enforcement services for and on behalf of a child or children, without regard to the name in which legal proceedings are initiated. The provisions of this Paragraph shall apply to a staff attorney in support enforcement services, district attorney, or contract attorney providing support services pursuant to Title IV-D. (emphasis added).
A similar provision in the Application for Child Support Services signed by plaintiff states:
10. The state staff attorney, District Attorney, and/or private contract attorney providing services pursuant to this application for child support services:
a. does not represent me in any actions which may occur.
b. represents only the State and the State's interest.
c. cannot give me any legal advice; further, I understand that if I want legal advice I should contact my own *533 attorney or the local legal services program for advice.
This language evidences a clear intent by the state to represent only its own interests in any legal proceedings arising in the course of its services to plaintiff.
The doctrine of res judicata is interpreted stricti juris and any doubt regarding compliance with its requirements is to be resolved in favor of the plaintiff. Landmark Land Co. v. Jemison, 558 So.2d 802 (La.App. 5 Cir.1990). Accordingly, we find the parties to the juvenile court proceedings and the parties in the case sub judice are not the "same parties" and, thus, the juvenile court judgment provides no res judicata bar to plaintiff's claim for child support arrearages. Juvenile and civil awards of support are independent of each other and may coexist while payment to one is used as an offset to the other. Mitchell v. Mitchell, 610 So.2d 1114 (La.App. 5 Cir.1992).
We must now determine whether plaintiff is entitled to any child support arrearages for 1991. A spouse seeking to make past-due child support executory bears the burden of proving the amount in arrears. Lavergne v. Lavergne, 556 So.2d 918 (La. App. 3 Cir.1990). At the hearing, plaintiff testified that in 1991, she received twenty of the twenty-four child support payments of $302.50 due that year. Defendant failed to make the payments due January 1, January 15, and November 5. The payment due April 1 was returned for insufficient funds and was not thereafter paid by defendant.
Defendant did not deny these arrearages and did not offer or produce any evidence in rebuttal. We therefore accept plaintiff's testimony as an accurate representation of defendant's child support payments in 1991. [See Ourso v. Ourso, 482 So.2d 824 (La.App. 4 Cir.), writ denied, 484 So.2d 139 (La.1986)]. Thus, defendant failed to make payments totalling $1,210.00 in 1991. Because the judgment of the trial court excluded these arrearages in its award to plaintiff, we find plaintiff is entitled to an award of additional child support arrearages of $1,210.00, plus legal interest on each past due payment from the date due.

ATTORNEY'S FEES
La.R.S. 9:375 provides that when a court renders judgment making past-due child support executory, "it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." Plaintiff claims the trial court erred in failing to award her reasonable attorney's fees. The trial court denied plaintiff's claim for attorney's fees, finding good cause existed because defendant relied on the juvenile court judgment which (erroneously) reduced his monthly child support obligation.
We find the trial court's denial of attorney's fees was an abuse of discretion. Although some of the arrearages may have resulted from the juvenile court's reduction of defendant's monthly obligation, the record reveals that defendant failed to make any child support payments in July, August, and September, 1992, following the May, 1992 juvenile court judgment. Defendant cannot claim to have relied on this reduction of his obligation when he failed to pay even the reduced amount for several months thereafter. Furthermore, there is no evidence of good cause for those arrearages which accrued prior to the juvenile court judgment. Accordingly, we reverse the judgment of the trial court and award plaintiff $2,000.00 for attorney's fees.

CONCLUSION
For the foregoing reasons, the judgment of the trial court awarding plaintiff child support arrearages of $4,529.92 is amended to award plaintiff additional child support arrearages of $1,210.00, for a total arrearages award of $5,739.92. The trial court's judgment denying plaintiff's claim for attorney's fees is reversed and judgment is hereby rendered in favor of plaintiff, and against defendant, in the sum of $2,000.00 for attorney's fees. In all other respects, the judgment of the trial court is affirmed.
Costs of this appeal are assessed to defendant, Keith John Kibodeaux.
REVERSED IN PART; AMENDED IN PART; AND AFFIRMED AS AMENDED.