JjlPICKETT, J.

FACTS

Roxanne and Rocky Perkins divorced in 1991. Three children were born of the marriage. Two of those children have reached the age of majority. This matter involves the only remaining minor child, Emily.
Emily resides with her mother in Rap-ides Parish. Mr. Perkins lives in Baton Rouge.
In September of 1996, Mr. Perkins filed a Petition to Have Foreign Judgment Recognized in Rapides Parish, requesting that the court recognize and enforce a judgment issued in St. Tammany Parish in December 1994. That judgment set forth a temporary visiting schedule and mandated counseling for Emily.
Sometime after this order was issued, Mr. Perkins went to Russia twice. He felt that Ms. Perkins and his older daughter were obstructing his relationship with Emily, and wanted to give Emily some space.
When he returned, they did visit at times, but not on a regular basis. After the matter was transferred to Rapides Parish, Mr. Perkins sought to have regular visitation with Emily. The trial court entered an interim order on January 9, 1998, which ordered visitation every other weekend with additional visitation during holidays and the summer.
Mr. Perkins did see Emily occasionally, but Emily did not always want to go. Mr. Perkins did not force her to see him.
When Emily and Ms. Perkins continued to resist regular visitation, Mr. Perkins filed the Rule for Contempt presently before this court. He alleged Ms. Perkins interfered with his visitation with Emily and requested that Ms. Perkins be required to follow the order in place. He additionally requested an award of attorney’s fees.
| aMs. Perkins subsequently filed her own Rule for Contempt, alleging Mr. Perkins *1034 had not paid court-ordered child support. She, too, asked for an award of attorney’s fees.
A hearing on both rules was held July 27, 1999. The trial judge ultimately ruled that Ms. Perkins was in contempt of court because she violated the visitation order by impeding Mr. Perkins’ visitation with Emily. The court assessed her with costs and ordered her to pay $2,000 in attorney’s fees.
The court further found Mr. Perkins had satisfied his child support obligation by paying Emily’s private school tuition but owed $400 for the months of June and July. He was ordered to pay attorney’s fees of $300.
The court further ordered unsupervised visitation with Emily.
It is from this ruling Ms. Perkins appeals.

DISCUSSION

Ms. Perkins has appealed from the trial court’s ruling alleging the following assignments of error:
1) The trial court erred in awarding unsupervised visitation in favor of Mr. Perkins.
2) The trial court erred in finding that Ms. Perkins acquiesced to a change in child support obligation.
3) The trial court erred in finding Ms. Perkins in contempt of court for interference with visitation.
4) The trial court erred in allowing Mr. Perkins to submit thirty-three pages of photographs and testimony after the trial.
5) The trial court’s award of attorney’s fees was excessive.
Assignments of Error Numbers One, Two, and Three all are issues which are subject to manifest error review. A reviewing court should not disturb the findings of fact by a trial court unless those findings are “clearly wrong” or “manifestly erroneous.” Rosell v. ESCO, 549 So.2d 840 (La.1989).
The first assignment of error addresses the court’s order of unsupervised visitation in favor of Mr. Perkins. The trial judge set forth in the record complete and thorough written reasons for judgment.
After hearing the testimony of the parties, Jon Perkins, the parties’ major son, Dr. Simoneaux, and Emily, he concluded that Emily was at no risk of harm from her father and he was entitled to unsupervised visitation with his daughter. The trial court’s conclusions are reasonable and are supported by the record. We cannot say he was clearly wrong in his determination and therefore his ruling cannot be disturbed.
The second assignment of error concerns Mr. Perkins child support obligation. Mr. Perkins was under a court-ordered obligation to pay $200 per month. He claimed Ms. Perkins agreed that his payment of $279 per month in private school tuition for Emily would satisfy that obligation. Ms. Perkins argues there was no such agreement to modify the support award. The court, however, specifically found to the contrary, finding “Roxanne clearly acquiesced in the payment indicating acceptance of the agreement ...” The Court specifically found an agreement that the tuition payments would be in lieu of support for the months paid. There was no evidence the overpayment, however, would be credited against future amounts owed. The trial court declined to give a credit for any amount paid above the monthly amount owed and found him past due for the months of June and July.
An agreement between divorced parents to suspend the mothers right to receive child support payments is enforceable if it promotes the best interest of the child. Moga v. Dubroc, 388 So.2d 377 (La.1980). The person seeking recognition of the modification has the burden to establish the parties clearly agreed to the *1035 modification [4of the support obligation. Lavergne v. Lavergne, 556 So.2d 918 (La. App. 3d.Cir.); writ denied, 559 So.2d 124 (La.1990).
In the matter before us the trial court determined Mr. Perkins established there was an agreement between the parties that Mr. Perkins pay $279 per month to the school for Emily’s tuition rather than pay $200 per month to Ms. Perkins, expressly finding it directly benefitted the child. We cannot say he was clearly wrong in this determination. The record supports this finding, as well as the finding that Mr. Perkins was two months in arrears. There is, therefore, no merit in this assignment of error.
The third assignment of error pertains to the court finding Ms. Perkins in contempt of court for interference with visitation. This finding is also subject to manifest error review.
The court made specific findings related to actions on Ms. Perkins part which he found interfered with Mr. Perkins’ visitation rights. The record supports those findings. Accordingly, we find no error on the trial court’s part in this determination.
The fourth assignment of error relates to the trial court’s acceptance of pictures into the record subsequent to the hearing. The court agreed to hold the record open to allow Mr. Perkins to file three pages of photos of Mr. Perkins’ visits with Emily during the previous eighteen months. Appellant complains instead he filed thirty-three pages of photos dating back several years.
While this filing does not comply with what was agreed, there is no indication the trial court was affected in any way by this filing. His written reasons are limited to evidence from the hearing itself. Any error, therefore, is harmless.
The appellant’s fifth assignment of error alleges the trial court awarded excessive attorney’s fees to Mr. Perkins. The trial court has great discretion in setting |Kan award of attorney’s fees. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Considering the type and length of this hearing and the time which would be required for trial preparation, we cannot say $2,000 is an abuse of the court’s wide discretion. Accordingly, we find no merit in this assignment of error.
AFFIRMED.